555 P.2d 1129

The STATE of Arizona, Appellee,

v.

Daniel Edward CAIN, Appellant.

No. 2 CA–CR 779.

Court of Appeals of Arizona,
Division 2.

Sept. 14, 1976.

Rehearing Denied Oct. 21, 1976.

**442**

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

HOWARD, Chief Judge.

Appellant Daniel Cain was tried and convicted of possession of a stolen motor vehicle in violation of A.R.S. Sec. 28–1423. The main question on this appeal involves a conflict between the theft and possession statutes as they existed at that time.

On January 8, 1975, at approximately 3:00 a. m., two deputy sheriffs stopped appellant after observing the two-ton U-Haul truck he was driving swerve off the road. In response to questions by the deputies, appellant first stated that he had rented the truck but had left the rental contract at home. However, after the deputies discovered that the truck was "hot wired", appellant then stated that a friend, Tom Smith, had started the truck and given it to him to drive.

At trial, appellant admitted that he and Smith went to a U-Haul lot in the early morning hours of January 8 and that he drove the truck off the lot after Smith "hot-wired" it. He further testified that he intended to return the truck.

Appellant contends that in order for a vehicle to be "stolen" within the terms of A.R.S. Sec. 28–1423, it must be the subject of a theft, and therefore in a prosecution for possession of a stolen motor vehicle the state must prove the elements of theft, including that the property was taken with intent to permanently deprive the owner of its use. Following this reasoning, appellant's defense at trial was that he drove the U-Haul off the lot intending only temporarily to deprive the owner of the vehi-

cle; that this conduct constituted a misdemeanor under A.R.S. Sec. 13–672(C) commonly called "joyriding"; and that "joyriding" and possession of a stolen motor vehicle are mutually exclusive offenses. Counsel for appellant therefore requested the following instructions:

"The elements of joyriding are:

1. The taking of a motor vehicle

2. Without permission of the owner or person entitled to possession thereof;

3. With the intent to temporarily deprive that person the possession or use of the motor vehicle.

(Requested Instruction One)"

"If you find beyond a reasonable doubt that the defendant is guilty of joy riding you must find him not guilty of the charge of possession of a stolen motor vehicle.

(Requested Instruction Two)"

The trial court refused the instructions, giving instead an instruction in the language of the statute. Appellant assigns as error the court's refusal to give the "joyriding" instructions.

Resolution of this issue requires an analysis of the history of the joyriding, theft and possession of a stolen motor vehicle statutes. A.R.S. Sec. 28–1423, which was effective from 1927 to 1975 and under which appellant was convicted, stated that a person " . . . who has in his possession a motor vehicle which he knows or has reason to believe has been stolen, is guilty of a felony." The original joyriding statute, A.R.S. 13–672, enacted in 1913 and in effect until 1960, read as follows:

"A person is guilty of a misdemeanor who, without consent of the owner, takes or drives an automobile . . . with intent temporarily to deprive the owner of possession of the vehicle . . . *without intent to steal it.*" (Emphasis added)

As long as this statute co-existed with the possession statute, a vehicle taken for a joyride within the meaning of Sec.

13–672 clearly would not have constituted a "stolen vehicle" under A.R.S. Sec. 28–1423 because by definition it was not taken with an intent to steal. Our Supreme Court emphasized that theft required an intent to permanently deprive the owner of its use, and stated:

"'[The joyriding statute] defines a crime separate and distinct from and not necessarily related to theft.'" *State v. Parsons*, 70 Ariz. 399, 407, 222 P.2d 637, 642 (1950), quoting *People v. Tellez*, 32 Cal.App.2d 217, 89 P.2d 451, 452 (1939).

Therefore, as the statutes existed until 1960, the state in a prosecution under A.R.S. Sec. 28–1423, would have been required to show that the vehicle possessed had been the subject of theft, i. e., taken with an intent to permanently deprive the owner.

■ At the time appellant was charged, however, A.R.S. Sec. 13–672 had been amended. The title was changed from "joyriding" to "theft of [a] motor vehicle or motorcycle". As amended, it states:

"A. It shall be unlawful for any person to take from another a motor vehicle or motorcycle with the intent to deprive either temporarily or permanently such other person of such motor vehicle or motorcycle.

B. A person found guilty of intent to deprive permanently another of his motor vehicle or motorcycle is guilty of a felony.

C. A person found guilty of intent to deprive temporarily another of his motor vehicle or motorcycle is guilty of a criminal offense punishable by imprisonment in the county jail for not more than one year, or a fine of not more than one thousand dollars or both.

D. A person who received a second or subsequent conviction for intent to deprive temporarily another of his motor vehicle or motorcycle is guilty of a felony. As amended Laws 1960, Ch. 106, Sec. 1; Laws 1968, Ch. 10, Sec. 2; Laws 1975, Ch. 155, Sec. 1."

The amendment appears to express a legislative intent to treat the taking of a vehicle with intent to temporarily deprive the owner as a lesser degree of theft, punishable as a misdemeanor. Our Supreme Court supported this construction of the statute when it approved instructions defining theft as a taking with an intent to *either* temporarily or permanently deprive the owner. *State v. Lippi*, 108 Ariz. 342, 498 P.2d 209 (1972). Thus with the amendment of Sec. 13–672, a vehicle taken with the intent to temporarily deprive the owner apparently could have constituted a stolen motor vehicle under A.R.S. Sec. 28–1423, and appellant would not have been entitled to the requested instructions.

■ To place such a construction on A.R.S. Sec. 28–1423, however, would lead to absurd results. Consider the following situation: A "hot wires" a car intending only to take it for a drive and then return it. He then sees his friend B, tells B that he has taken the car and turns the car over to B to drive around the block. B is stopped by police a few moments later. If the vehicle taken under these facts constitutes a "stolen vehicle", then A is guilty of a misdemeanor under A.R.S. Sec. 13–672(C) while B is guilty of a felony under A.R.S. Sec. 28–1423, although he appears less culpable than A.

Interpreting the "stolen vehicle" element of A.R.S. Sec. 28–1423 as encompassing a vehicle taken with an intent to temporarily deprive the owner not only leads to these absurd results, it interjects grounds for an equal protection challenge of the statute. Furthermore, since under this interpretation every "joyrider" necessarily possesses a stolen motor vehicle, the state could easily circumvent the express legislative intent to treat joyriding as a misdemeanor by charging a joyrider with the felony of possession of a stolen motor vehicle. In interpreting a statute, the court should seek a

**444**

sensible construction which accomplishes legislative intent and if possible avoids absurd consequences. *Arnold Construction Co., Inc. v. Arizona Board of Regents,* 109 Ariz. 495, 512 P.2d 1229 (1973). We hold therefore that A.R.S. Sec. 28–1423 as it existed at the time appellant was charged required the state to establish that the vehicle possessed was the subject of a *felony* theft under A.R.S. Sec. 13–672(B), i. e. taken with an intent to permanently deprive the owner. Consequently appellant was entitled to the requested instructions.

■ It should be noted that the legislature apparently recognized the inconsistencies in the theft and possession statutes and amended A.R.S. Sec. 28–1423 to alleviate the problems raised by this appeal. The new statute, A.R.S. Sec. 13–672.01, provides that possession of a stolen motor vehicle may be punished either as a misdemeanor or a felony. Thus, under the new statute no anomaly results as long as possession of a motor vehicle stolen under Sec. 13–672(B) (with intent to permanently deprive) is punished as a felony while possession of a motor vehicle stolen under Sec. 13–672(C) (with intent to temporarily deprive) is punished as a misdemeanor. Although the statute does not expressly state that the punishment is to be applied in this way, we so construe the statute in order to avoid the same inequitable results and the same constitutional infirmity which would have existed under the prior statute.

As the statutes now exist, a vehicle taken with the intent to either temporarily or permanently deprive the owner is a stolen motor vehicle within the terms of A.R.S. Sec. 13–672.01. The punishment for violation of that statute, however, depends on the state's proof of the intent with which the vehicle was originally taken.

The trial court erred in failing to give appellant's instructions. The judgment is reversed and the cause remanded for a new trial.

KRUCKER and HATHAWAY, JJ., concur.