580 P.2d 1222

**The STATE of Arizona, Appellee,**

v.

**Simon Peter REICH, Appellant.**

Nos. 2 CA–CR 1210; 2 CA–CR 1269–2.

Court of Appeals of Arizona,
Division 2.

April 13, 1978.

Rehearing Denied May 9, 1978.

Review Denied June 8, 1978.

John A. LaSota, Jr., Atty. Gen., by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was found guilty after a jury trial of possession of a stolen vehicle, A.R.S. § 13–672.01.[1] On July 7, 1977, he was adjudged guilty of possession of a stolen vehicle, a felony. Imposition of sentence was suspended and he was placed on probation for five years. On August 10, 1977, during pendency of this appeal, a petition to revoke his probation was filed and on September 21, after a hearing, his probation was revoked and he was committed to the Department of Corrections for a period of not less than one nor more than three years.

He raises only one issue on appeal: did the court err when it instructed the jury as to the elements of possession of a stolen motor vehicle? Appellant's argument is based on *State v. Cain*, 27 Ariz.App. 441, 555 P.2d 1129 (1976). In *Cain* the defendant was convicted of possession of a stolen vehicle in violation of a statute,[2] since repealed, which classified the crime as a felony. He took the stand and admitted the theft of the vehicle but testified that he had intended to return the truck. This court stated:

"It should be noted that the legislature apparently recognized the inconsistencies in the theft and possession statutes and amended A.R.S. Sec. 28–1423 to alleviate the problems raised by this appeal. The new statute, A.R.S. Sec. 13–672.01, provides that possession of a stolen motor vehicle may be punished either as a misdemeanor or a felony. Thus, under the new statute no anomaly results as long as

1. § 13–672.01. Receiving or transferring stolen vehicle; penalty

A person who, with intent to procure or pass title to a motor vehicle or motorcycle which he knows or has reason to believe has been stolen, receives or transfers possession of such vehicle from one to another, or who has in his possession a motor vehicle or motorcycle which he knows or has reason to believe has been stolen,

is guilty of a crime punishable by imprisonment in the state prison for not less than one year nor more than five years or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both fine and imprisonment. Added Laws 1975, Ch. 155, § 2.

2. A.R.S. § 28–1423, repealed 1975.

possession of a motor vehicle stolen under Sec. 13–672(B) (with intent to permanently deprive) is punished as a felony while possession of a motor vehicle stolen under Sec. 13–672(C) (with intent to temporarily deprive) is punished as a misdemeanor. Although the statute does not expressly state that the punishment is to be applied in this way, we so construe the statute in order to avoid the same inequitable results and the same constitutional infirmity which would have existed under the prior statute.

"As the statutes now exist, a vehicle taken with the intent to either temporarily or permanently deprive the owner is a stolen motor vehicle within the terms of A.R.S. Sec. 13–672.01. The punishment for violation of that statute, however, depends on the state's proof of the intent with which the vehicle was originally taken."

27 Ariz.App. at 444, 555 P.2d at 1132.

Appellant's situation is inapposite to that in *Cain*. Appellant took the stand in his own defense but denied any involvement in the crime. The state had introduced evidence from which the jury could infer that the car involved was taken from its parking place without the owner's permission, and, therefore, with the intent to deprive permanently the owner of his vehicle. *State v. Ramirez*, 115 Ariz. 70, 563 P.2d 325 (App. 1977). Appellant was identified as the occupant of the car when it was involved in an accident near the place where it had been parked, and there was testimony that appellant had said, "I have to go, they called the police, and the car is stolen."

The vehicle was "stolen" within the meaning of A.R.S. § 13–672.01. There being no evidence that the thief intended to deprive the owner of his vehicle other than permanently, the thief's intent was not in issue. The court's instruction on the elements of the crime of possession of a stolen vehicle was correct. *State v. Archer*, 23 Ariz.App. 584, 534 P.2d 1083 (1975).

Affirmed.

HOWARD and HATHAWAY, JJ., concurring.