491 P.2d 475

Juanita B. MORGAN et al., Appellants,

v.

CONTINENTAL MORTGAGE INVESTORS, a Massachusetts business trust, Appellee.

No. 1 CA-CIV 1808.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 7, 1971.

Behrens, MacLean & Jacques by William F. Behrens, Phoenix, for appellants.

Lewis & Roca by Joseph E. McGarry, Paul G. Ulrich & Edward M. Lewis, Phoenix, for appellee.

STEVENS, Presiding Judge.

This opinion relates to the motion of the appellee to dismiss the appeal for want of jurisdiction in this Court. The litigation was commenced in the justice court as a civil action, was appealed to the Superior Court which dismissed the action and the attempted appeal now under consideration is in relation to the Superior Court's action.

Briefly the background is as follows:

The appellee, as plaintiff and herein referred to as Continental, filed eleven separate forcible detainer actions in the justice court. The justice court had jurisdiction pursuant to A.R.S. § 22–201, subsec. B. The defendants in the justice court are the appellants in the Court of Appeals and will be collectively referred to as the tenants. The justice court actions were consolidated for trial and were tried before a jury. Eleven separate verdicts were rendered in which the tenants, in the separate suits which were filed, were found guilty of forcible detainer. A consolidated judgment was entered which identified each of the several law suits. Timely notices of appeal to the Superior Court were filed. A.R.S. § 22–261, subsec. A. A single bond on appeal was tendered in an amount which appears to be adequate. Continental appeared in the justice court and objected to the sufficiency of the bond basically on the proposition that the corporation executing the appeal bond as the surety thereon

was not authorized to enter into suretyship obligations. The justice of the peace sustained the objection to the bond and declined to approve the bond. A.R.S. § 22–262, subsec. A calls for approval by the justice of the peace. If as a matter of law the appeal bond was adequate, the failure of the justice of the peace to endorse his approval thereon in all probability would not be a jurisdictional defect. A new bond was not filed pursuant to A.R.S. § 22–263 and the appeal in each of the eleven cases was forwarded to the Superior Court for Maricopa County where the several appeals were lodged and consolidated under civil cause number C–251265.

In the Superior Court, Continental filed a motion to dismiss the appeals which motion was based upon the failure to post a proper appeal bond in the justice court. The motion was granted and a formal written judgment of dismissal was signed and filed.

The tenants first sought relief in the Court of Appeals by way of a special action, the rules in relation to special actions being found in 17 A.R.S. The special action was assigned this Court's number 1 CA–CIV 1780. After the preliminary informal hearing, the Court of Appeals declined to accept jurisdiction stating, in part:

> "It is the opinion of this Court * * * that there is a plain speedy and adequate remedy at law existing and it further appearing to this Court that the proper remedy is by appeal."

The Court then dismissed the special action.

The tenants did not pursue the special action further and filed a timely appeal from the judgment of dismissal. After the record reached this Court the motion to dismiss which is the subject of this opinion was filed.

■ It is the opinion of this Court that the above-quoted order in the special action does not constitute the law of the case and does not bind this Court or Continental as to the question of the presence or absence of jurisdiction to entertain the present appeal. City of Glendale v. Skok, 6 Ariz.App. 342, 432 P.2d 597 (1967). This Court was in error in the statement in the order in relation to the special action wherein it expressed the opinion that the proper remedy was by appeal. This error will hereinafter be demonstrated.

■ Lest the foregoing ruling that the action of this Court in declining to accept jurisdiction in the special action and the holding in this opinion that the reasons stated in the ruling are not the law of the case be deemed harsh, let us consider what the effect would have been had this Court assumed jurisdiction in the special action. The Court of Appeals was created by statute and has only the jurisdiction conferred upon it by statute, a matter which is discussed elsewhere in this opinion. A.R.S. § 12–120.21, subsec. A, par. 3 provides as follows:

> "§ 12–120.21. Jurisdiction and venue
>
> "A. The Court of appeals shall have:
>
> \* \* \* \* \* \*
>
> "3. Jurisdiction to issue injunctions, writs of mandamus, review, prohibition, certiorari and other writs necessary and proper *to the complete exercise of its appellate jurisdiction.*" (emphasis added)

This language is similar to the grant of jurisdiction conferred upon the Arizona Supreme Court by subsection 4, § 5 of Article 6 of the Arizona Constitution, A.R.S. except that the Court of Appeals does not have jurisdiction to issue writs of habeas corpus and the Court of Appeals does not have "revisory" jurisdiction. The Court of Appeals was not granted jurisdiction similar to that granted to the Arizona Supreme Court by subsection 1, § 5 of Article 6. The Rules of Procedure for Special Actions [extraordinary writs—certiorari, mandamus, prohibition], 17 A.R.S., do not enlarge and do not purport to enlarge the "extraordinary writ" jurisdiction of the Court of Appeals. Special Action Rule 1 provides in part:

> "Rule 1. Nature of the Special Action

"(a) *Relief previously obtained* against a body, officer, or person by writs of certiorari, mandamus, or prohibition in the trial or appellate courts shall be obtained in an action under this Rule, * * *. * * * [A]nd *nothing in these rules shall be construed as enlarging the scope of the relief* traditionally granted under the writs of certiorari, mandamus, and prohibition." (emphasis added)

■ When the Court of Appeals declines to accept jurisdiction in a special action this determination by the Court of Appeals is by minute entry. Rule 7(d) of the Special Action Rules provides in part:

"Rule 7. Special Appellate Court Provisions

"(d) * * * If in a special action brought in * * * a Court of Appeals relief is denied, the decision of the Court may be made by minute entry in the record of that court, and no written opinion shall be required."

Rule 8(b) requires that the Court of Appeals' minute entry order contain a statement of the reason that it declined to accept jurisdiction, it being the opinion of the Court of Appeals that the purpose thereof is to enable the Supreme Court to more clearly review the record if a petition for review is filed. Rule 8(b) provides in part:

"Rule 8. Appeals

"(b) * * * In the event the Court of Appeals declines to issue an extraordinary writ in pursuance of Rule 1(c), Rules of the Supreme Court, and there is no formal written decision, the reason therefor shall be set forth in the Court's minutes."

The unpublished minute entry orders are not judicial precedent and the denial of special action relief by a minute entry order is without prejudice to a later review of the same question on appeal.

■ The time within which to perfect an appeal from action taken by the Superi-or Court may be extended only pursuant to Rule 73(b) of the Rules of Civil Procedure, 16 A.R.S. The filing of a special action is not one of the procedural steps specified in Rule 73(b) and therefore the filing of a special action does not extend the time for appeal. In the current appeal which is the subject of this opinion, in addition to the motion to dismiss and the memoranda in support thereof and in opposition thereto, the Court requested additional citations of authority on the subject of this Court's jurisdiction. The preparation and presentation of the additional authorities consumed slightly over a month next following this Court's request for additional authorities. The special action was presented during August 1971 and when one considers the Court's work load it is exceedingly unlikely that the special action would have been resolved by a formal written opinion prior to the expiration of the 60 days allowed for the perfecting of an appeal. At the time of the entry of the minute entry order declining to accept jurisdiction in the special action, the Court did not have the benefit of the briefs and the research which are the background of this opinion. It is the view of this Court that had an opinion been written declining jurisdiction in the special action the result would have been the same as that reached in the current opinion.

■ Appeal is a right given by statute and in the absence of a statutory right of appeal there is no right of appeal.

■ We believe it is appropriate to review some of Arizona's constitutional and statutory provisions. Section 1, Article 6 of Arizona's Constitution, 1 A.R.S., as amended in 1960, envisions the creation of intermediate appellate courts. Section 9 of the Article is as follows:

"Section 9. The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."

The appellate jurisdiction of the Arizona Supreme Court is set forth in Section 5 of

Article 6 which we quote in part as follows:

"Section 5. The Supreme Court shall have:

\* \* \* \* \* \*

"3. Appellate jurisdiction in all actions and proceedings *except civil and criminal actions originating in courts not of record*, unless the action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance.

\* \* \* \* \* \*

"6. Such other jurisdiction as may be provided by law." (emphasis added)

It is interesting to note that the predecessor of the above-quoted subsection 3 of Section 5, the predecessor being found in Section 4 of the original Article 6, reads as follows:

"Section 4. \* \* \* It [the Supreme Court] shall have appellate jurisdiction in all actions and proceedings, but its appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute."

In some respects the quoted portion of Section 4 of the original Article was broader than the present subsection 3 of Section 5.

The case at bar does not involve the "validity of a tax, impost, assessment, toll, statute or municipal ordinance."

The above Section 9 appears to empower the Arizona Legislature to grant intermediate appellate courts jurisdiction which might be beyond the exception which is quoted in subparagraph 3 of Section 5 of the present Article, but in our opinion the Legislature has not done so.

The Court of Appeals was created by Chapter 102, Session Laws of 1964. There have been amendments to the Act which are not material here. The provisions of the Act carry section numbers which have been integrated into the Arizona Revised Statutes and the section references hereinafter refer to the Arizona Revised Statutes even though enacted by Chapter 102 of the Session Laws of 1964.

First, we return to Article 6 of the Constitution. With reference to the jurisdiction of the Superior Court, Article 6 provides in part:

"Section 14. The superior court shall have original jurisdiction of:

\* \* \* \* \* \*

"5. Actions of forcible entry and detainer.

\* \* \* \* \* \* .

"11. Special cases and proceedings not otherwise provided for, and such other jurisdiction as may be provided by law."

We quote Section 16 as follows:

"Section 16. The superior court shall have appellate jurisdiction in cases arising in justice and other courts inferior to the superior court as may be provided by law."

Section 6 of the original Article 6 related to the jurisdiction of the Superior Court and provided in part as follows:

"Section 6. The superior court shall have original jurisdiction \* \* \*.

"\* \* \* Said court shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law."

In relation to justice courts, Section 32 of the present Article 6 provides in part:

"Section 32. \* \* \*

"The jurisdiction, powers and duties \* \* \* of justice courts, \* \* \* shall be as provided by law. \* \* \*

"The civil jurisdiction \* \* \* of justice courts shall not exceed the sum \* \* \*. The jurisdiction of such courts shall not encroach upon the jurisdiction of courts of record but may be made concurrent therewith, subject to the limitations provided in this section."

Thus it is seen that subject to certain constitutional monetary limitations the Legis-

lature is authorized to vest concurrent jurisdiction in relation to actions in forcible detainers in the justice court and in the Superior Court.

Let us turn now to the powers of the Court of Appeals. There is a broad grant of appellate jurisdiction, subject to certain limitations in criminal cases which are not material to this opinion. This broad grant is found in A.R.S. § 12–120.21. In part this section states:

"A. The court of appeals shall have:

"1. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, * * *."

The section last above-referred to along with § 12–1182, subsec. A reading as follows:

"A. In a forcible entry or forcible detainer action originally commenced in the superior court, an appeal may be taken to the supreme court as in other civil actions.";

vests appellate jurisdiction in the Court of Appeals in forcible detainer actions which were originally commenced in the Superior Court, a situation which is not before us.

We observe that the present appellate jurisdiction of the Court of Appeals is no broader than the appellate jurisdiction which was entertained by the Arizona Supreme Court prior to the creation of the Court of Appeals. The 1964 Act creating the Court of Appeals reenacts A.R.S. § 12–2101 which theretofore outlined certain appellate jurisdiction of the Supreme Court. The reenactment changes only the court to which the appeals may be taken. A.R.S. § 12–2101, as amended by the Act creating the Court of Appeals reads in part:

"A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

"B. From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court, except in actions of forcible entry and detainer when the annual rental value of the property is less than three hundred dollars."

By substituting the words "supreme court" for the words "court of appeals" we find the statute as it existed prior to the creation of the Court of Appeals.

■ The annual rental in relation to each of the tenants exceeded the sum of $300 so that the exception contained in § 12–2101, subsec. B is not applicable. The eleven cases were not filed in the Superior Court originally so that the first part of said section does not vest appellate jurisdiction in the Court of Appeals. What then is the significance of the words "or brought into superior court from any other court"? Is it possible for cases originally filed in the justice court to be "brought into a superior court" other than by appeal? The answer is in the affirmative. A.R.S. § 22–201 relates to the civil jurisdiction of justice courts. A.R.S. § 22–201, subsec. D provides:

"D. Justices of the peace have jurisdiction to try the right to possession of real property when the title thereto or the ownership thereof is not a subject of inquiry in the action. If, in any such action the title or ownership of real property becomes an issue, the justice shall so certify in his docket, and at once stop further proceedings in the action, and forward all papers together with a certified copy of his docket entries in the action, to the superior court, where the action shall be docketed and determined as though originally brought in the superior court."

By such forwarding of papers the case would be "brought into a superior court" within § 12–2101, subsec. B. This particular authority to transfer has been statutory law in Arizona for a long time. More recently, subsection F was added to § 22–201 in 1964. Subsection F authorizes such a transfer where a counterclaim has been

filed in the justice court in a civil action which counterclaim exceeds the jurisdiction of the justice court. There may be other similar statutes authorizing the "transfer" of cases from the justice court to the Superior Court. We have not exhaustively searched the statutes in this respect.

■■■■ The tenants urge that on their appeal to the Superior Court they were entitled to a trial *de novo*. They urge that they were deprived of their *de novo* trial and that there was no "final judgment entered" within the meaning of A.R.S. § 12–2101, subsec. B. Thus they urge they are not barred from the instant appeal. We do not agree. A formal written order sustaining a motion to dismiss is a final judgment. In relation to the justice court, the *Superior Court stands in the same* appellate position as does the Supreme Court or the Court of Appeals in relation to cases originating in the Superior Court. The Superior Court is the *final appellate court*, with certain exceptions stated in subsection 3 of Section 5 of Article 6 of the Constitution, quoted earlier in this opinion. Should it be that the final court in the appellate process commits error, that error is nevertheless the law of the case.

Further, in our opinion, the statutes relating to appeals of cases originating in and tried in the justice courts cannot disregard the plain mandate of jurisdictional limitations contained in said subsection 3.

We hold that where a forcible detainer action was originally filed in the justice court and then appealed to the Superior Court the appellate relief has been exhausted and there is no Court of Appeals jurisdiction to entertain a further appeal.

The issuance of the mandate in connection with this opinion will constitute an order dismissing the appeal.

CASE and DONOFRIO, JJ., concur.