573 P.2d 927

James SANDERS, Appellant,

v.

Willie Lee MOORE, Appellee.

No. 1 CA–CIV 3442.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 29, 1977.

Maricopa County Legal Aid Society by
Paul M. Rybarsyk, Phoenix, for appellant.

Noel J. R. Levy, Phoenix, for appellee.

OPINION

HAIRE, Judge.

Appellee Willie Lee Moore commenced this action by filing a complaint in the South Phoenix Precinct Justice Court seeking to recover damages from appellant for the taking and selling of Moore's dump truck. Judgment was entered in Moore's favor for the sum of $950 plus costs. Appellant then appealed that judgment to the Maricopa County Superior Court. After a trial *de novo,* judgment was again entered in appellee Moore's favor, this time for $500 plus costs.

Appellant's motion for new trial on the grounds of newly discovered evidence was denied by the trial judge, and appellant then filed a notice of appeal to this Court. In due course the appeal was set for conference, and in reviewing the opening brief we noted for the first time that this action had originated in the justice court, and on our own motion raised the question of jurisdiction.

This Court has no constitutionally granted jurisdiction. Rather, its jurisdiction is to be found in statutes enacted pursuant to the authority granted by Arizona Constitution, Article 6, § 9.[1] The primary statutory grant of appellate jurisdiction is found in A.R.S. § 12–120.21 A, as follows:

"A. The court of appeals shall have:

"1. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death

1. Arizona Constitution, Art. 6, § 9 provides:
   "The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."

or life imprisonment has actually been imposed.

"2. Jurisdiction to issue writs of certiorari to review the lawfulness of awards of the industrial commission and to enter judgment affirming or setting aside the awards.

"3. Jurisdiction to issue injunctions, writs of mandamus, review, prohibition, certiorari and other writs necessary and proper to the complete exercise of its appellate jurisdiction."

In order to determine those actions and proceedings which are "permitted by law to be appealed from the superior court", A.R.S. § 12–2101 is pertinent. The provisions of subsections A and B of that statute are of particular significance to this appeal:

"A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

"B. From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court, except in actions of forcible entry and detainer when the annual rental value of the property is less than three hundred dollars."

Since this action was not "commenced in a superior court", this Court's appellate jurisdiction, if any, must be grounded upon the language "or brought into a superior court from any other court." However, we have previously held that this language does not refer to cases *appealed* from the justice court, but rather refers to cases transferred or brought into superior court by some process other than appeal. *State v. Fagerberg,* 17 Ariz.App. 63, 495 P.2d 503 (1972); *Morgan v. Continental Mortgage Investors,* 16 Ariz.App. 86, 491 P.2d 475 (1971). Therefore, jurisdiction to consider this appeal cannot be grounded on the provisions of A.R.S. § 12–2101 B.

A.R.S. § 12–120.21 A(1) quoted *supra,* does give this Court, with certain exceptions not here pertinent, jurisdiction in all actions and proceedings "permitted by law to be appealed from the superior court." The Arizona Constitution, Art. 6, § 5(3), by implication, gives the Arizona Supreme Court appellate jurisdiction in both civil and criminal actions originating in justice court where the action "involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance." *See Universal Construction Co. v. Arizona Consolidated Masonry And Plastering Contractors Association,* 93 Ariz. 4, 377 P.2d 1017 (1963). Thus it could be argued that since such an appeal is permitted by law to the supreme court, this Court would also have the same jurisdiction. However, such argument is of no avail to appellant here, inasmuch as his appeal involves only evidentiary and factual disputes, and not the validity of a tax, impost, assessment, toll, statute or municipal ordinance.[2]

There are no other statutory or constitutional provisions which could arguably give this Court jurisdiction in this appeal. We therefore hold that the Court lacks jurisdiction and the appeal is accordingly dismissed.

NELSON, P. J., and FROEB, C. J., concurring.

---

2. *See also,* A.R.S. § 22–375 relating to appeals from the justice court in criminal proceedings.