622 P.2d 512

**MEAD, SAMUEL & CO., INC., a Washington Corporation, Plaintiff-Appellee,**

v.

**Randall DYAR, Defendant-Appellant.**

**No. 1 CA–CIV 5031.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 18, 1980.

**566**

Peter Neisser, Phoenix, for defendant-appellant.

McGroder & Tryon, P. C. by Michael Tryon, Phoenix, for plaintiff-appellee.

OPINION

HAIRE, Presiding Judge.

This appeal is from a judgment rendered in favor of a landlord in a forcible detainer action commenced in the justice court. It presents the question of whether the justice court acted properly in dismissing the tenant's counterclaims. If the counterclaims were not properly dismissed, the justice court was without jurisdiction because the total damages prayed for in the action exceeded the statutory jurisdictional amount limitation. We hold that the counterclaims pleaded by appellant were properly dismissed and that, therefore, the justice court had jurisdiction to entertain the action. Under settled jurisdictional principles, the subsequent litigation in the superior court was appellate in nature and exhausted appellant's appellate remedies. Consequently, this court has no jurisdiction to entertain the appeal.

The pertinent facts are as follows. On February 16, 1977, the appellee, Mead, Samuel & Company, Inc. (sometimes hereinafter referred to as "the landlord"), initiated a forcible detainer action in the Justice Court of Northeast Phoenix Precinct. In addition to possession, the complaint sought judgment for unpaid rent in the amount of $121.47, costs and attorney's fees. The appellant Randall Dyar filed an answer and asserted two counterclaims. In his first counterclaim Dyar alleged that he had contracted with the landlord's agent to clean carpets in the apartment complex for $10 per apartment, that he had cleaned carpets in eight apartments and, accordingly, the landlord owed him $80. In his second counterclaim Dyar alleged that he had been falsely arrested and imprisoned for disturbing the peace by the Phoenix police based on a complaint made by the landlord. In connection with this claim Dyar sought $2,500 in compensatory damages and $1,500 in punitive damages. Taken as a whole, the counterclaim was therefore substantially in excess of the $1,000 jurisdictional limitation of the justice court established by A.R.S. § 22–201B (1975).[1]

The case was tried in the justice court on February 25, 1977. After granting the landlord's motion to strike Dyar's counterclaims, the court rendered judgment on the complaint in favor of the landlord, finding Dyar guilty of forcible detainer and ordering him to pay damages in the amount of $121.47 and costs.

Dyar appealed the judgment to the Superior Court of Maricopa County. Initially the superior court granted Dyar's motion to reinstate his counterclaims; however, subsequently it granted the landlord's motion to dismiss the counterclaims. Judgment was ultimately rendered for the landlord for possession, $121.47 in damages, and costs. Dyar then filed a timely notice of appeal seeking review in this court.

[1]. The court notes that this jurisdictional limitation has been increased to $2,500. A.R.S. § 22–201 (Supp.1980) (effective April 22, 1980).

Prior to presentment of the appeal for submission to this court, the court's legal staff discovered that the litigation was commenced in the justice court. Counsel for the parties were advised of the apparent jurisdictional problem presented by the holding in the case of *Morgan v. Continental Mortgage Investors*, 16 Ariz.App. 86, 92, 491 P.2d 475, 481 (1971):

> "We hold that where a forcible detainer action was originally filed in the justice court and then appealed to the Superior Court the appellate relief has been exhausted and there is no Court of Appeals jurisdiction to entertain a further appeal."

The landlord subsequently moved to dismiss the appeal. The issue is significant, and an opinion is appropriate.

After an appeal to the superior court of an action commenced in the justice court this court does not have jurisdiction to entertain a second appeal unless the action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance. *Morgan v. Continental Mortgage Investors, supra.* For this court to have appellate jurisdiction in such an action, the action must have been "transferred or brought into the Superior Court by some process other than appeal." *Sanders v. Moore*, 117 Ariz. 527, 573 P.2d 927 (App. 1977). In *Sanders*, the court briefly reviewed this court's prior holding on the subject, *Morgan v. Continental Mortgage Investors, supra*, and the relevant constitutional and statutory authorities treated therein.[2]

Appellant does not contend that this action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance. Rather, he contends that A.R.S. § 33–1365A, a part of the Arizona Residential Landlord and Tenant Act (ARLTA) gives him the right to assert in this forcible detainer action the counterclaim which he pleaded. The counterclaims having been fully asserted, his argument continues that under A.R.S. § 22–201F[3] the justice court had no authority in view of the amount of damages alleged in the counterclaims to do anything but immediately transfer the entire action to the superior court for initial adjudication. Appellant's ultimate conclusion in a jurisdictional context is that the judgment rendered in the justice court was a nullity, that accordingly the superior court's judgment was the initial judgment, and that this court has appellate jurisdiction over that initial superior court judgment.

The landlord argues that the action was brought into the superior court by the process of appeal because the justice court had original jurisdiction to entertain the action

---

**2.** Ariz.Const. Art. 6, § 9, providing that the jurisdiction of any intermediate appellate court shall be as provided by law; Ariz.Const. Art. 6, § 5(3), granting to the Supreme Court appellate jurisdiction in civil and criminal actions originating in courts of record if the validity of a tax, impost, etc. is in issue; A.R.S. § 12–120.21, setting forth the jurisdiction of the Court of Appeals; A.R.S. § 12–2101, the basic appeals statute.

**3.** A.R.S. § 22–201F (1975) (current version at A.R.S. § 22–201F (Supp.1980) effective April 22, 1980) provides:

"If in any action before a justice of the peace a party files a verified pleading which states as a counterclaim a claim in which the amount involved, exclusive of interest and costs, is one thousand dollars or more, the justice shall so certify in his docket, and at once stop further proceedings in the action, and forward all papers, together with a certified copy of his docket entries in the action, to the superior court, where the action shall be docketed and determined as though originally brought in the superior court. Such party shall pay to the clerk of the superior court the same fees required to be paid by a defendant, and no other party in the action before the justice of the peace shall be required to pay any sum. If such party is finally adjudged to be entitled to recover on the counterclaim, exclusive of interest and costs, less than one thousand dollars, the superior court may deny costs to him and may, in addition, impose costs, including a reasonable attorney's fee, on him. The superior court shall have original jurisdiction of the action, but it may at any time in furtherance of convenience or to avoid prejudice, or if it appears that the amount involved in the counterclaim, exclusive of interest and costs, is less than one thousand dollars, remand the action, or any claim or counterclaim of which the justice court has jurisdiction, to the justice court and may order costs."

notwithstanding the attempted assertion by appellant of his counterclaims. To reach this result he relies upon A.R.S. § 12–1177A which provides that:

"[O]n the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."

For additional support he cites several cases which held that counterclaims, offsets and cross-complaints may not be entertained in forcible entry or forcible detainer proceedings. *Hinton v. Hotchkiss,* 65 Ariz. 110, 174 P.2d 749 (1946), *Olds Bros. Lumber Co. v. Rushing,* 64 Ariz. 199, 167 P.2d 394 (1946) and *Gangadean v. Erickson,* 17 Ariz.App. 131, 495 P.2d 1338 (1972). In *Hinton v. Hotchkiss* the Supreme Court held that those counterclaims seeking affirmative relief which would ordinarily be mandatory under Rule 13(a), Rules of Civil Procedure, 16 A.R.S., were not permissible as counterclaims in forcible detainer proceedings. Thus, the landlord's position is that the justice court properly dismissed the counterclaims, that without these counterclaims the action was within the $1,000 jurisdictional limit of the justice court, and that the appellant's first and only appellate remedy was an appeal to the superior court.

■■■ The question presented is how to reconcile the apparent conflict between A.R.S. § 33–1365 [4] which now permits some counterclaims in forcible detainer actions and the prior case law which interprets A.R.S. § 12–1177A as not permitting any counterclaims in such an action. The first sentence of A.R.S. § 33–1365 states:

"In an action for possession based upon nonpayment of the rent or in an action for rent where the tenant is in possession, the tenant may counterclaim for any amount which he may recover under the rental agreement or this chapter."

Obviously, this first sentence conflicts with the construction previously accorded to § 12–1177A. *See* Baird, *The Uniform Landlord Tenant Act in Arizona: The Need for Re-examination and Amendment,* 1975 Arizona State Law Journal 463 at 476. To the extent that statutes are in irreconcilable conflict, the general rule is that the more recent one prevails. *Webb v. Dixon,* 104 Ariz. 473, 455 P.2d 447 (1969). Repeal or partial repeal by implication is not favored, however, and it is our duty to harmonize statutes whenever and to the extent possible so that both will be operative, in the absence of a manifest legislative intent to the contrary. *State ex rel. Purcell v. Superior Court,* 107 Ariz. 224, 485 P.2d 549 (1971); *Marbury v. Madison,* 5 U.S. 137 (1 Cranch), 2 L.Ed. 60 (1803), cited in *Burnside v. Douglas School District Number 27,* 33 Ariz. 1, 261 P. 629, 631 (1927). Sutherland's *Statutes and Statutory Construction* states the matter even more forcefully:

"The bent of the rules of interpretation and construction is to give harmonious operation and effect to all of the acts upon a subject, where such a construction is reasonably possible, even to the extent of superimposing a construction of consistency upon the apparent legislative intent to repeal, where two acts can, in fact, stand together and both be given consonant operation. Where the repealing effect of a statute is doubtful, the

---

4. A.R.S. § 33–1365 provides:

"§ 33–1365. Landlord's noncompliance as defense to action for possession or rent

"A. In an action for possession based upon nonpayment of the rent or in an action for rent where the tenant is in possession, the tenant may counterclaim for any amount which he may recover under the rental agreement or this chapter. In that event after notice and hearing the court from time to time may order the tenant to pay into court all or part of the undisputed rent accrued and all periodic rent thereafter accruing and shall determine the amount due to each party.

The party to whom a net amount is owed shall be paid first from the money paid into court and the balance, if any, by the other party. However, if no rent remains due after application of this section, or if the tenant is adjudged to have acted in good faith and satisfies a judgment for rent entered for the landlord, judgment shall be entered for the tenant in the action for possession.

"B. In an action for rent where the tenant is not in possession, the tenant may counterclaim as provided in subsection A but the tenant is not required to pay any rent into court."

statute is strictly construed to effectuate its *consistent* operation with previous legislation."

1A *Statutes and Statutory Construction*, § 23.10 at 231 (4th ed. C.D. Sands 1972).

Since the Arizona Residential Landlord and Tenant Act was enacted in 1973, subsequent to each of the decisions cited above that interpreted A.R.S. § 12–1177A, it appears that the Legislature sought to change the judicial construction of § 12–1177A. By enacting § 33–1365A the Legislature changed the law so as to give tenants the right to assert counterclaims in an action by the landlord for possession or for rent "for any amount which he [the tenant] may recover under the rental agreement or this chapter (ALRTA, A.R.S. § 33–1301 *et seq.*)." The term "rental agreement" is defined in A.R.S. § 33–1310 as follows:

> "11. 'Rental agreement' means all agreements written, oral or implied by law, and valid rules and regulations adopted under § 33–1342 embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premises."

The term "chapter" refers to the Arizona Residential Landlord and Tenant Act, A.R.S. § 33–1301 *et seq.*, which applies "to the rental of dwelling units", § 33–1304, and contains many provisions of considerable specificity, including an article on "landlord obligations", § 33–1321 through § 33–1325. A number of provisions throughout the act grant tenants the right to recover actual or more than actual damages when they are injured by a landlord's wrongful conduct. *See, e. g.*, A.R.S. §§ 33–1321D and 33–1367.

There was no written rental agreement in the present case. Appellant contends that both of the claims included in his counterclaim arose out of the landlord-tenant relationship and that therefore the damages he sought by his counterclaim were amounts which he could recover "under the chapter" within the meaning of A.R.S. § 33–1310. The only specific statutory basis for recovery cited by appellant is § 33–1367, providing for recovery for wrongful ouster in the amount of two months' rent or twice actual damages.

■ In our opinion, A.R.S. § 33–1365A cannot be construed so broadly. The statute must be read in the context of § 12–1177A, which for many years had been construed as providing an expeditious summary remedy for possession, isolated from collateral controversies not directly related to the single issue of possession. By enacting § 33–1365 the Legislature broadened the scope of a forcible detainer proceeding to the extent of permitting counterclaims for landlord liabilities established by the rental agreement or established by the terms of the act itself. We are unable to glean an intent by the Legislature to allow any counterclaim which may be said to have arisen in some general manner out of the landlord-tenant relationship from § 33–1302 or any other part of the act which has been cited to us or from comments to the Uniform Residential Landlord Tenant Act as set forth in 7A, *Uniform Laws Annotated* (1978). It is clear from a reading of the entire act that the Legislature contemplated retaining the already well-established remedy for forcible detainer in adopting the ARLTA, *see, e. g.*, A.R.S. § 33–1368C; accordingly, the first sentence of § 33–1365A can only be read as a measured, *pro tanto* change of the law to permit adjudication by counterclaim of specified liabilities arising from the rental agreement or by statutes regulating the landlord-tenant relationship. In other words, for a tenant counterclaim to be permissible under § 33–1365A, the asserted liability must have a specific basis in the rental agreement or in the landlord-tenant act.

■ We now proceed to a determination of whether the counterclaims asserted by appellant come within those allowed by the provisions of the Arizona Residential Landlord and Tenant Act. A.R.S. § 33–1367 provides remedies to the tenant for unlawful ouster by the landlord, as follows:

> "If the landlord unlawfully removes or excludes the tenant from the premises or wilfully diminishes services to the tenant by interrupting or causing the interrup-

tion of electric, gas, water or other essential service to the tenant, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount not more than two months' periodic rent or twice the actual damages sustained by him, whichever is greater. If the rental agreement is terminated the landlord shall return all security recoverable under § 33–1321."

An ouster under this section would provide a basis for the assertion of a permissible counterclaim in a forcible detainer action. However, the tenant's primary counterclaim was for false arrest. In it appellant alleged:

"In or about January 1977, Counterdefendant [appellee-landlord], acting through its agents and employees, did maliciously file charges of breaching the peace with the police officers of the Police Department of the City of Phoenix, County of Maricopa, State of Arizona, falsely asserting conduct which Counterclaimant did not perform. As a direct and proximate result thereof, and based upon charges filed by Counterdefendant, the police officers of the Police Department of the City of Phoenix did arrest and imprison Counterclaimant for one night before releasing him on the following day. Counterdefendant and officers and agents of the Police Department of the City of Phoenix falsely arrested Counterclaimant without just cause."

The basis for appellant's counterclaim was that the appellee had wrongfully charged appellant with a public offense. Because of appellee's complaint, the police "removed" appellant from the premises. However, we do not consider this to be a "removal" or "exclusion" within the meaning of A.R.S. § 33–1367. In our opinion, that section contemplates unilateral action by the landlord himself effectuating the removal or exclusion, unaided by persons other than his agents. Here, the police were agents of the public generally, and their actions in the course of discharging their public duties cannot be attributed to appellee so as to create a landlord liability appropriate for counterclaim under § 33–1365A. Essentially, appellant pleaded the common law tort of false arrest. This is not within the purview of § 33–1365A.

The justice court correctly examined the nature of the counterclaims to determine whether they pleaded matter relevant to the basic claim for possession based upon unlawful detainer. *Olds Bros. Lumber Co. v. Rushing, supra.* It correctly determined that the claim for damages for false arrest was inappropriate to such a proceeding, and it correctly eliminated the amount of damages so claimed in determining its jurisdiction to proceed. With the claim for false arrest so eliminated, the justice court was not required to transfer the case to the superior court pursuant to A.R.S. § 22–201F.

With respect to the second counterclaim, the justice court was correct in dismissing it in its entirety. The agreement between the parties by which appellant undertook to clean carpets was an independent contractual arrangement, unrelated to the use and occupancy of the dwelling unit. The conclusion would be otherwise if the services to be performed by appellant were themselves a part of the consideration for occupancy of the rented premises.

Our holding that the counterclaims were properly dismissed both in the justice court and in the superior court does not mean that appellant has no remedy for the claims alleged. They may be asserted in a separate proceeding. *Gangadean v. Erickson, supra.*

Having determined that the justice court had jurisdiction to adjudicate the forcible detainer claim, appellant's action in the superior court was an appeal. This court lacks jurisdiction to entertain a second appeal. *Morgan v. Continental Mortgage Investors, supra.*

Therefore, the appeal is dismissed.

JACOBSON and EUBANK, JJ., concur.