NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DUSTIN MATTHEWS, *Plaintiff/Appellant*,

*v.*

BRIDGE III AZ ONNIX LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0700
FILED 11-10-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-012682
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Dustin Matthews, Tempe
*Plaintiff/Appellant*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Gina M. Bartoszek and Mitchell J. Anderson
*Co-Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

**M c M U R D I E**, Judge:

¶1　　　　Dustin Matthews appeals from the superior court's orders granting summary judgment for the defendants and denying his motion to amend or alter the judgment. Because the superior court did not err, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Bridge III AZ Onnix, LLC and CDS-CO 1 Onnix, LLC (collectively, "Bridge III") owned and managed Onnix Apartments. Bridge III had legal title to Onnix Apartments from June 2017 through October 2020. In July 2019, Matthews and Bridge III executed a lease agreement governing Matthews's tenancy at Onnix Apartments. The lease ran until August 2020 and would automatically renew month-to-month unless either party gave "written notice of termination or intent to move-out."

¶3　　　　In July 2020, Onnix Apartments sent Matthews an electronic copy of a lease renewal agreement. Matthews asked to sign a physical copy of the agreement, but the apartment complex had gone paperless and only offered an electronic version. Matthews refused to sign electronically but remained in his apartment without paying rent.

¶4　　　　In September 2020, Bridge III brought an eviction action against Matthews in justice court for failure to pay rent. Bridge III sought possession of the premises and damages. Matthews argued he should not be evicted because Bridge III breached their agreement and failed to give him a physical copy of the lease renewal agreement. He pled affirmative defenses, including the landlord's failure to comply with the lease agreement, violations of the Arizona Residential Landlord and Tenant Act, breach of contract, breach of the duty of good faith, and fraud. Matthews also counterclaimed, asserting Bridge III breached the lease agreement, violated their good-faith obligation by misleading and deceiving tenants as to the "right to conduct business electronically or by paper," violated the Arizona Residential Landlord and Tenant Act (A.R.S. § 33-1315) by conducting business electronically and requiring Matthews to "waive or forego rights or remedies," and violated the Arizona Residential Landlord and Tenant Act (A.R.S. § 33-1322(E)) and consumer protections (A.R.S. § 44-7051) by failing to give him a physical copy of the lease renewal agreement. In the counterclaims, Matthews alleged damages in an amount "to be determined."

**¶5**          Bridge III moved to dismiss Matthews's counterclaims with prejudice. That same day, the justice court held an eviction hearing. Because Matthews did not adequately plead damages, the court struck his counterclaims. The court noted Matthews could still respond to Bridge III's motion so the court could determine whether the counterclaims would be dismissed with or without prejudice. Because Matthews did not offer "a meritorious defense with regards [sic] to the nonpayment of rent," and his defense had no "basis . . . in fact or law," the court found for Bridge III in the eviction action. The justice court ruled Matthews materially breached his lease and owed Bridge III over $2,000 in rent, utilities, and fees.

**¶6**          The next day, Matthews filed a notice of appeal to the superior court. The record fails to show he perfected the appeal. The defendants provided a link to Maricopa County's civil docket showing no lower court appeals cases under "Matthews" in 2020.

**¶7**          In October 2020, Matthews sued Bridge III, Bridge Property Management, L.C., and Bridge Investment Group, LLC, alleging the same violations he asserted in his answer and counterclaims to the eviction action. Bridge III and Bridge Property Management moved for summary judgment, arguing claim preclusion[1] barred Matthews's relief. Bridge Investment Group moved for summary judgment stating Matthews's claims failed because Bridge Investment Group was not in contractual privity with Matthews and did not qualify as a landlord. The defendants asserted Matthews failed to allege damages.

**¶8**          In opposition to Bridge Investment Group's motion for summary judgment, Matthews offered evidence including 1) Bridge Investment Group's liability insurance policy, 2) emails from Bridge Investment Group "pertaining to" Matthews's tenancy, 3) Bridge Investment Group's website and LinkedIn profile, and 4) "[n]umerous periodicals" about Bridge Investment Group's involvement with the Onnix property. Bridge Investment Group countered that Matthews failed to sufficiently authenticate or establish a foundation for the emails, website pages, and news articles. He failed to show that the email addresses, website domains, or LinkedIn profile belonged to Bridge Investment

---

[1]          The parties refer to *res judicata*, but we use the term "claim preclusion." *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source,* 212 Ariz. 64, 69, ¶ 14 (2006) ("We deal today with the issue of claim preclusion, formerly referred to as res judicata."); *Peterson v. Newton*, 232 Ariz. 593, 594, n.2 (App. 2013).

Group. Bridge Investment Group disagreed with Matthews's assertion that the website articles were from a "newspaper or periodical" and thus self-authenticating under Ariz. R. Evid. 902(6). Finally, Bridge Investment Group argued Matthews's evidence was irrelevant because Matthews did not explain how these items established that Bridge Investment Group owned, managed, controlled, or leased Onnix.

¶9            The superior court granted Bridge Investment Group's motion, finding no privity of contract or landlord-tenant relationship existed between the parties. The court agreed Matthews's proposed evidence was "not relevant to the issue and/or . . . not properly authenticated." The court also granted Bridge III and Bridge Property Management's motion, finding claim preclusion barred Matthews's claims. The court also found Matthews failed to allege damages.

¶10           The court entered a final judgment against Matthews and awarded the defendants attorney's fees and costs. Matthews moved to amend or alter the judgment under Ariz. R. Super. Ct. 59(d), but the court found no good cause to grant relief and denied the motion.

¶11           Matthews appealed the superior court's judgment and denial of his motion to amend or alter the judgment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶12           On appeal, Matthews first contends the court erred by granting the defendants' motions for summary judgment. "In reviewing a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law." *Caruthers v. Underhill*, 230 Ariz. 513, 521, ¶ 26 (App. 2012). The superior court "shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We view the facts in the light most favorable to the party opposing summary judgment. *Caruthers*, 230 Ariz. at 521, ¶ 26.

## A.      The Superior Court Did Not Err by Granting Bridge Investment Group's Summary Judgment Motion.

¶13           Matthews asserts the superior court improperly excluded evidence of Bridge Investment Group's ownership and management of Onnix. He argues that had the court admitted his evidence, material factual disputes would have precluded summary judgment.

**¶14** We generally affirm the superior court's evidentiary rulings in summary judgment proceedings absent an abuse of discretion or legal error. *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997). Inadmissible evidence "may provide a 'scintilla' [of evidence] or create the 'slightest doubt' and still be insufficient to withstand a motion for summary judgment." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990).

**¶15** Matthews sued Bridge Investment Group for breach of contract, bad faith, violations of consumer protections, and violations of the Arizona Residential Landlord and Tenant Act. "[P]rivity of contract must exist before a party may seek to enforce a contract." *Kuehn v. Stanley*, 208 Ariz. 124, 131, ¶ 25 (App. 2004). Similarly, the privity of contract must exist to recover under a bad faith claim that "arises by virtue of a contractual relationship." *See Rawlings v. Apodaca*, 151 Ariz. 149, 153 (1986). Also, to be subject to consumer protection claims, the defendant must be "a party to the original transaction." *See Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 60–61, ¶¶ 36–38 (App. 2012), *vacated in part on other grounds*, 232 Ariz. 344 (2013). Finally, the Arizona Residential Landlord and Tenant Act governs the obligations of "landlord and tenant." A.R.S. § 33-1302(1). A "landlord" is an "owner, lessor or sublessor" or a premises manager. A.R.S. § 33-1310(7). An "owner" has "the legal title to property or all or part of the beneficial ownership and a right to present use and enjoyment of the premises." A.R.S. § 33-1310(9).

**¶16** Matthews argues Bridge Investment Group's liability insurance policy should have been admitted under Arizona Rule of Evidence 411 to prove it owned Onnix. Liability insurance evidence is not admissible to prove the policyholder acted wrongfully. Ariz. R. Evid. 411. "But the court *may* admit this evidence for another purpose, such as proving . . . ownership." *Id.* (emphasis added). Matthews asserts the defendants "pretty much concede[d]" Bridge Investment Group owned Onnix by producing their liability insurance policy covering "all premises [Bridge Investment Group] own[s], rent[s], or occup[ies]." But the insurance policy never mentions the Onnix property specifically. It does not show Bridge Investment Group owned or had any interest in Onnix. Because the evidence is not relevant to show Bridge Investment Group owned Onnix, the superior court did not abuse its discretion by excluding the evidence.

**¶17** Matthews also asserts the superior court should have admitted the "emails, periodicals, and information from [Bridge Investment Group's] website" as evidence that Bridge Investment Group managed or owned Onnix. He contends this evidence was "self authenticating and admissible" under Arizona Rule of Evidence 902.

**¶18**         Authentication is a "condition precedent to admissibility." *State v. Lavers*, 168 Ariz. 376, 386 (1991). For evidence to be authenticated, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ariz. R. Evid. 901(a). The court "must be satisfied that the record contains sufficient evidence to support a jury finding that the offered evidence is what its proponent claims it to be." *Lavers*, 168 Ariz. at 386. "Printed material purporting to be a newspaper or periodical" is self-authenticating. Ariz. R. Evid. 902(6).

**¶19**         Matthews does not dispute he failed to produce extrinsic evidence authenticating the websites, articles, and emails. Rather, Matthews argues the articles are self-authenticating as periodicals. Aside from conclusory allegations, Matthews failed to show how articles he offered from "onionprop.com," "azbigmedia.com," and "rebusinessonline.com" are periodicals. Thus, the superior court did not abuse its discretion by finding the websites, articles, and emails inadmissible for lack of authentication.

**¶20**         Matthews failed to produce admissible evidence showing contractual privity or a landlord-tenant relationship between Bridge Investment Group and himself. There is no evidence suggesting Bridge Investment Group owned, leased, or managed Onnix. Bridge III owned and operated Onnix and had legal title to Onnix. The only parties to the lease agreement were Matthews and Bridge III. Thus, there is no material factual dispute that Bridge Investment Group and Matthews lacked a landlord-tenant and contractual relationship. Without those relationships, Matthews's claims against Bridge Investment Group fail. *See supra* ¶ 15. As a result, the superior court did not err by granting Bridge Investment Group's summary judgment motion.

**B.      The Superior Court Did Not Err by Granting Bridge III and Bridge Property Management's Summary Judgment Motion.**

**¶21**         Matthews argues the superior court incorrectly granted summary judgment under claim preclusion. We disagree and conclude that Matthews's proceedings in the justice court precluded his claims in the superior court.

**¶22**         Under claim preclusion, a final judgment on the merits precludes the parties, or those in privity to the parties, from re-litigating the same claim. *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 14 (2006). Claim preclusion has three elements: "(1) an identity of claims in the suit in which a judgment was entered and

the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Id.* at 69–70, ¶ 14.

**¶23** Matthews does not dispute prongs (1) or (3) relating to Bridge III and Bridge Property Management. Matthews asserts, instead, that "[r]es judicata . . . does not apply in this case because there is no final judgment as it pertains to the counterclaim." He claims the eviction judgment was not "final" because the justice court did not rule on the motion to dismiss the counterclaims and the superior court did not dismiss his notice of appeal from the justice court.

**¶24** Matthews asserts his counterclaims were essentially dismissed without prejudice, even though the court never made this ruling. He points to Arizona Rule of Procedure for Eviction Actions 8(a), which states that counterclaims filed without a statutory basis must be dismissed without prejudice. But Matthews's counterclaims had a statutory basis. In an eviction action based on nonpayment of rent, "if the landlord is not in compliance with the rental agreement . . . , the tenant may counterclaim for any amount which he may recover under the rental agreement." A.R.S. § 33-1365(A). This statute "permit[s] adjudication by counterclaim of specified liabilities arising from the rental agreement or by statutes regulating the landlord-tenant relationship." *Mead, Samuel & Co. v. Dyar*, 127 Ariz. 565, 569 (App. 1980).

**¶25** Matthews's counterclaims arose from the lease agreement and statutes governing landlord-tenant relations. He counterclaimed breach of the lease agreement and bad faith and filed under the Arizona Residential Landlord and Tenant Act provisions. His claim for consumer protection violations arose from the rental agreement because Matthews argued that Onnix could not compel him to conduct business electronically under his rental agreement. Thus, Matthews's counterclaims had a statutory basis, the justice court had jurisdiction to consider them, *see Iverson v. Nava*, 248 Ariz. 443, 449, ¶¶ 15–16 (App. 2020), and the counterclaims were not dismissed without prejudice by law.

**¶26** Matthews further argues the justice court judgment was not final because the court never ruled on the defendants' motion to dismiss Matthews's counterclaims with prejudice. But as the superior court stated, when the justice court found for the defendants, the court "summarily rejected his counterclaims." As explained above, Matthews's counterclaims arose from his lease agreement. For Matthews to prevail on his counterclaims, he would have had to show that the defendants breached

their agreement. But the justice court found Matthews, not the defendants, materially breached the lease agreement. The court also rejected Matthews's affirmative defenses, which closely resembled his counterclaims. The court rejected the defendants' alleged violations of the lease agreement and the Arizona Residential Landlord and Tenant Act because they had no "basis . . . in fact or law." Thus, when the justice court found Matthews materially breached his lease agreement, the justice court, "in essence, disposed of" his counterclaims and "rendered the [justice] court's judgment 'final.'" *See Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 316, ¶ 6 (App. 1998).

**¶27** Next, Matthews argues the appeal filed in the justice court was not dismissed, and thus the judgment was not final. Matthews offers no evidence he properly appealed the eviction judgment to the superior court. Rather, he argues the judgment is not final because there is no evidence the superior court dismissed the appeal.

**¶28** If an appeal is not "fully perfected, it shall be deemed abandoned and shall be dismissed by order of the trial court with notice to the appellant." Ariz. R. Super. Ct. App. P. Civ. 9(b). Matthews had 60 days from the notice of appeal's deadline to file the required "appellant's memorandum." Ariz. R. Super. Ct. App. P. Civ. 8(a). Although he timely filed his notice of appeal in October 2020, he never filed the memorandum, and the time has now passed for him to do so. Because Matthew failed to perfect his appeal, he abandoned it, rendering the eviction judgment final. *See* Ariz. R. Super. Ct. App. P. Civ. 9(b).

**¶29** Claim preclusion bars Matthews from pursuing his claims because the judgment was final, the claims here are the same as those raised and denied by the justice court, and the parties from the eviction proceedings are the same or in privity to the parties. *In re Rts. to Use Water*, 212 Ariz. at 69–70, ¶ 14.

**¶30** We also agree with the superior court that Matthews did not adequately plead damages in his complaint. As a result, the superior court did not err by granting Bridge III and Bridge Property Management's summary judgment motion.

## C. The Superior Court Did Not Err by Denying Matthews's Motion to Amend or Alter the Judgment.

**¶31** On appeal, Matthews also contends the trial court erred by denying his Rule 59(d) motion to amend or alter the court's judgment.

Because summary judgment was proper, the court did not abuse its discretion by denying Matthews's motion to amend or alter the judgment.

## ATTORNEY'S FEES AND COSTS

**¶32**      Defendants request an award of attorney's fees under A.R.S. §§ 12-341 and 12-341.01. Per our discretion, we award reasonable attorney's fees to Defendants upon compliance with ARCAP 21. As the prevailing parties, defendants are also entitled to recover taxable costs.

## CONCLUSION

**¶33**      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA

9