774 P.2d 831

STATE of Arizona, Appellee,

v.

Daniel D. BEHL, Appellant.

No. 1 CA-CR 88–021.

Court of Appeals of Arizona, Division 1, Department C.

May 9, 1989.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhauser, Chief Counsel, Crim. Div., and Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SHELLEY, Presiding Judge.

The only issue raised in this appeal is whether the defendant's eighteen-year sentence must be served without possibility of parole (flat time) in accordance with A.R.S. § 13–1406(B) or whether the defendant is eligible for parole after serving two-thirds of the sentence in accordance with A.R.S. § 13–604(G).

## FACTS

Defendant was charged by indictment with count one, kidnapping, a class two felony; count two, aggravated assault, a class three felony; and counts three and four, sexual assaults, class two felonies. Later the state filed an allegation of the dangerous nature of the offenses pursuant to A.R.S. § 13–604(G) and (K). Plea negotiations culminated in an agreement wherein defendant entered a plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to count three, sexual assault, a nondangerous, class two felony. The parties stipulated to a sentence of ten calendar or "flat" years.[1] The sentencing provision of this plea agreement was rejected by the court and defendant withdrew from the plea. After the matter was reassigned to another judge, the parties again entered into a plea agreement. Pursuant to that plea agreement, in exchange for defendant's *Alford* plea to *sexual assault of a victim 15 years of age or older, a class two felony and dangerous offense,* the state agreed to dismiss the remaining three counts. The parties stipulated that the defendant would not receive more than eighteen years "flat." The plea agreement and the trial court made it clear to defendant that the sentence imposed would be flat time:

THE COURT: Do you understand that because this is a sexual assault, you're not eligible for probation in any way, and whatever sentence is imposed by the court is essentially a flat-time sentence: meaning that you're not eligible for suspension, commutation of sentence, probation, pardon, parole, work furlough, or release on any basis whatsoever, until you've served the entire sentence imposed by the court; do you understand that?

DEFENDANT: Yes, Your Honor.

THE COURT: That means that your minimum would be seven calendar years, flat, and your maximum would be twenty-one flat. And you have to do every day that's imposed upon you; do you understand that?

DEFENDANT: Yes, Your Honor.

After a presentence hearing, the trial court sentenced defendant to eighteen years flat time.

1. Calendar or "flat" time means the entire sentence imposed by the court must be served day-for-day. *State v. Griffin,* 154 Ariz. 483, 744 P.2d 10 (1987).

## DISCUSSION

There is a conflict between A.R.S. §§ 13–1406(B), which requires that the sentence imposed for sexual assault be served as "flat" time, and 13–604(G), which provides that a defendant must serve at least two-thirds of his sentence before being eligible for parole when the sentence is for a "dangerous offense." Defendant claims that because his offense is dangerous, the sentencing provisions of A.R.S. § 13–604(G) control, and therefore, he should be parole-eligible after two-thirds of the sentence has been served. Defendant asserts that A.R.S. § 13–604(G) and § 13–1406(B) are in conflict because of the legislature's oversight, and it can only be corrected by the legislature.

In *State v. Hunter*, 137 Ariz. 234, 669 P.2d 1011 (App.1983), cited by defendant, the court was confronted with a legislative *omission*. The legislature provided for enhanced punishment upon a second conviction of a class two or three dangerous nature felony, but not for enhanced punishment upon a conviction of a class two or three dangerous nature felony with a prior conviction for a class one dangerous nature felony. The court noted that this was an oversight by the legislature and as such was for the legislature to correct.

The case before us does not involve a legislative omission. It involves a conflict between statutes. Section § 13–604(G) reads:

Except as provided in § 13–604.01, upon a first conviction of a class 2 or 3 felony involving the use or exhibition of a deadly weapon or dangerous instrument or upon conviction of a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted *and* shall not be eligible for suspension or commutation of sentence, probation, pardon or parole, work furlough, or release from confinement on any other basis ex-cept as specifically authorized by § 31–233, subsection A or B until not less than two-thirds of the sentence imposed by the court has been served. (Emphasis added.)

Section 13–604(K) states:

The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction, the dangerous nature of the felony or the allegation that the defendant committed a felony while released on bond or his own recognizance as provided in subsection M of this section is charged in the indictment or information and admitted or found by the trier of fact.

Section 13–1406(B) states:

Sexual assault of a person fifteen years of age or older is a class two felony, and the person convicted is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. If the victim is under fifteen years of age, sexual assault is a class two felony and is punishable pursuant to § 13–604.01.

Under A.R.S. § 13–1406(B), a person who commits sexual assault on a victim 15 years of age or older, a *nondangerous* offense, would have to serve flat time without eligibility for parole. However, if § 13–604(G) is the controlling statute instead of § 13–1406(B), when a person commits sexual assault on a victim 15 years of age or older, a *dangerous* offense, then that person would be parole-eligible after two-thirds of his sentence was served. It stands to reason that the legislature did not intend this absurd result. We have a duty to harmonize the statutes to the extent possible so that both will be operative. Our duty is clearly set forth in *Mead, Samuel & Co., Inc. v. Randall Dyar*, 127 Ariz. 565, 568, 622 P.2d 512, 515 (App.1980), wherein this court stated:

*To the extent that statutes are in irreconcilable conflict, the general rule is*

*that the more recent one prevails.* Repeal or partial repeal by implication is not favored, however, and *it is our duty to harmonize statutes whenever and to the extent possible so that both will be operative,* in the absence of a manifest legislative intent to the contrary. (Emphasis added; citation omitted.)

Furthermore, this court recently stated:

The cardinal rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. *Calvert v. Farmer's Ins. Co.,* 144 Ariz. 291, 697 P.2d 684 (1985). In interpreting a statute, courts should seek a sensible construction which accomplishes the legislative intent and, if possible, avoids absurd consequences. *State v. Cain,* 27 Ariz.App. 441, 555 P.2d 1129 (1976). Furthermore, when reasonably practical, statutes should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. *State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985).

*State v. Wagstaff,* 161 Ariz. 66, 775 P.2d 1130 (App.1988) *review granted* Nov. 23, 1988.

We are required, as noted in *Mead* and *Wagstaff,* to harmonize the statutes if possible unless they are in irreconcilable conflict. In order to harmonize the statutes in question, we would have to supply wording of our own into the statutes which would have an amending effect. Amendments are solely legislative prerogatives. We are unable to harmonize the statutes. They are in irreconcilable conflict.

The remaining question is: which statute controls with respect to parole eligibility?

Subsections 13–604(G) and (K) were passed by the legislature *effective in 1978.* The requirement of flat time set forth in § 13–1406(B) was passed by the legislature *effective in 1982.* As stated in *Mead:* "To the extent that statutes are in irreconcilable conflict, the general rule is that *the more recent one prevails.*" *Mead,* 127 Ariz. at 568, 622 P.2d at 515. (Emphasis added.) Section 13–1406(B) is a specific statute, while § 13–604(G) and (K) is a general statute.

In *Pima County v. Heinfeld,* 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982), the Arizona Supreme Court stated:

Another well established rule of statutory construction dictates that where two statutes deal with the same subject, *the more specific statute controls.* (Citations omitted; emphasis added.)

Section 13–1406(B) is the more recent statute and the more specific statute. It controls parole eligibility with respect to sexual assault on a victim 15 years or older, a dangerous offense. Defendant is not entitled to be released until he has served his sentence of 18 years flat time.

The judgment and sentence of the trial court are affirmed.

CLABORNE and GARBARINO, JJ., concur.

NOTE: The Honorable WILLIAM F. GARBARINO was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI § 3.