827 P.2d 1134

**STATE of Arizona, Appellee,**

v.

**Floyd Lee JOHNSON, Appellant.**

**No. 1 CA–CR 90–082.**

Court of Appeals of Arizona, Division 1, Department A.

March 10, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

TOCI, Judge.

A jury convicted appellant Floyd Lee Johnson (defendant) of misconduct involving weapons for possessing a deadly weapon as a prohibited possessor. Ariz.Rev. Stat. Ann. ("A.R.S.") § 13–3102 (1989). Defendant asserts that because he was on parole and living in his aunt's house at the time of possession, he was not "[s]erving a term of imprisonment in a correctional or detention facility" and, therefore, was not a prohibited possessor as defined in then A.R.S. section 13–3101(5) [1] for purposes of A.R.S. section 13–3102. We agree and reverse. Because we reverse, it is unnecessary to address the other issues raised by defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 1989, Floyd Lee Johnson, a parolee from the Arizona State Correctional Facility at Winslow, and Tonya Van Wagner were the occupants of a 1985 Dodge owned by defendant's aunt. The Dodge collided with another automobile on West McDowell Road in Phoenix. A police officer found a .357 magnum handgun under the passenger seat of the Dodge while conducting a search of the car. The defendant claimed he placed the weapon in the car after finding it in an alley earlier that day.

The defendant was charged with misconduct involving weapons for possessing a concealed weapon, a class 1 misdemeanor. The court sentenced defendant to 90 days in jail. He was later indicted for misconduct with weapons for knowingly possessing a deadly weapon as a prohibited possessor, a class 6 felony. A.R.S. § 13–3102(A)(4) (1989). During defendant's trial on this charge, the court instructed the jury "a person continues to serve a term of imprisonment in a correctional facility or detention facility, even though released from the facility on parole." The court also denied defendant's Rule 20, Arizona Rules of Criminal Procedure, motion for judgment of acquittal. The court further instructed defense counsel not to argue, as a ground for acquittal, that defendant was not incarcerated in a detention or correctional facility. The jury convicted defendant. We must now decide whether the court's jury instruction and its failure to enter a Rule 20 judgment of acquittal were reversible error.

## DISCUSSION

To resolve this case, we must determine what the legislature meant when it used the words "serving a term of imprisonment in any correctional or detention facility," in

---

1. This section has been renumbered as A.R.S. § 13–3101(6) (Supp.1991).

A.R.S. section 13–3101(5). That section defines a prohibited possessor as any person:

> (c) Who is at the time of possession serving a term of imprisonment in any correctional or detention facility.

At trial, the state did not dispute that defendant was on parole and lived at the home of his aunt at the time he possessed the handgun. Defendant argues that because he was not confined "in" a "facility" at the time of possession, he was not a prohibited possessor. He contends that *in* means *in* and not *out.* The state argues that the "key phrase" in A.R.S. section 13–3101(5)(c) is "serving a term of imprisonment" and that because the legal effect of parole is imprisonment, *Mileham v. Arizona Bd. of Pardons and Paroles,* 110 Ariz. 470, 472, 520 P.2d 840, 842 (1974), a parolee is serving a term of imprisonment. To support its assertion that a parolee is serving a term of imprisonment, the state points out that a person on parole is "in the legal custody and under control of the Department of Corrections, until expiration of the term specified in his sentence or until his absolute discharge." A.R.S. § 31–412(A). However, the state does not suggest how we should construe "in any correctional or detention facility." Indeed, in its answering brief, the state ignores those words and their effect on the statute. Therefore, we assume the state is arguing that a person on parole is "serving a term of imprisonment in any correctional or detention facility." Finally, the state argues that because another statute makes it a crime to possess a deadly weapon while confined in prison,[2] the prohibited possessor statute must apply to parolees. The state contends "[i]f it did not, there would be no reason for [it]." If the language of a statute is clear and unambiguous, we must give it effect without resorting to any rules of statutory construction. *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992); *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Because a person could, conceivably, be "serving a term of imprisonment in any correctional or detention facility" while on parole, we find A.R.S. sections 13–3101(5) and –3102(A)(4) to be ambiguous. We are persuaded, however, that in this case *in* does indeed mean *in.*

The purpose of employing rules of statutory construction is to determine the legislature's intent. In so doing, we may examine the statute's context, the language used, the subject matter, the effects and consequences, the historical background, and the purpose and spirit of the law. *Reynolds,* 170 Ariz. at 234, 823 P.2d at 682. In this case, the statute's subject matter and its historical background are not helpful.

## I. Natural and Obvious Meaning

We must closely analyze the pivotal word "in," which connects "serving a term of imprisonment" to the rest of the definition of prohibited possessor. In doing so, we must presume the legislature expressed itself in as clear a manner as possible, *Mendelsohn v. Superior Ct.,* 76 Ariz. 163, 169, 261 P.2d 983, 988 (1953), and that it accorded words their natural and obvious meanings unless stating otherwise. *Id.; Deatherage v. Deatherage,* 140 Ariz. 317, 320, 681 P.2d 469, 472 (App.1984).

*Webster's Third New International Dictionary*'s first definition of "in" reads: "used as a function word to indicate location or position in space or in some materially bounded object...." No definition of "in" convinces us that the state's construction of prohibited possessor is natural or obvious.

We recognize, of course, that a person on parole is in the legal custody of the Department of Corrections. A.R.S. § 31–412(A). However, being in the legal custody of the Department of Corrections is not synonymous with *serving a term of imprisonment in* a Department of Corrections *facil-*

---

**2.** A.R.S. § 13–2505(A)(3). The pertinent text of this statute provides:

> A. A person, not otherwise authorized by law, commits promoting prison contraband:
> ....

3. By knowingly making, obtaining or possessing contraband [including a deadly weapon] while being confined in a correctional facility.

*ity.* The legislature itself has distinguished between "serving a term of imprisonment" and being on parole:

> [A]ny prisoner ... who has served a term of imprisonment pursuant to § 41–1604.06, subsection D ... may be certified by the director as eligible for parole....

A.R.S. § 31–412(B).

■ The state correctly reminds us "[w]henever possible, a statute will be given such an effect that no clause, sentence, or word is rendered superfluous, void, contradictory or insignificant." *State v. Arthur,* 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980). However, the interpretation of prohibited possessor urged by the state violates this very rule of statutory construction by making the language *"in any correctional or detention facility,"* insignificant.

## II.   Statute Read as a Whole

It would have been simple for the legislature to define a prohibited possessor to clearly include *any* parolee, but it did not. *See Reynolds,* 170 Ariz. at 234, 823 P.2d at 682 (legislature could have specifically provided that time spent in a drug rehabilitation center would be credit towards a prisoner's jail sentence, but did not). The legislature did designate some parolees as prohibited possessors in another definition of prohibited possessor.[3] After examining each definition of prohibited possessor, we conclude that the legislature chose to make possession of a deadly weapon a felony for a limited class of parolees.

## III.   Rule of Lenity

■ Moreover, the rule of lenity, which applies to cases involving penal statutes susceptible to different interpretations, mandates that our doubts be resolved in defendant's favor. *State v. Pena,* 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App.1983) (opinion adopted in full by the

---

**3.** A.R.S. § 13–3101(5)(b) classifies, as a prohibited possessor, any person "who has been convicted within or without this state of a felony involving violence or possession and use of a

Arizona Supreme Court at 140 Ariz. 544, 683 P.2d 743 (1984)); *State v. Sirny,* 160 Ariz. 292, 295, 772 P.2d 1145, 1148 (App. 1989).

## IV.   The Statutes Are Not Redundant

■ Two statutes enacted at the same time with similar purposes must be construed so as to give effect to both, if possible. *State v. Jaastad,* 43 Ariz. 458, 462, 32 P.2d 799, 800 (1943); *Atchison, Topeka v. Dept. of Revenue,* 162 Ariz. 127, 133, 781 P.2d 605, 611 (App.1989). In other words, we should avoid construing either A.R.S. sections 13–3102(A)(4) and –3101(5)(c), which prohibit possession of a deadly weapon while serving a term of imprisonment in any correctional or detention facility, or A.R.S. section 2505(A)(3), which prohibits possession of contraband—including a deadly weapon—while confined in a correctional facility, as redundant.

The state argues that to adhere to this principle of construction we must hold that sections 13–3102(A)(4) and –3101(5)(c) apply to parolees who are serving a term of imprisonment *outside* a correctional or detention facility. Otherwise, the state argues, sections 13–3102(A)(4) and –3101(5)(c) are redundant because section 13–2505(A)(3), prohibiting prison contraband—including a deadly weapon, prohibits the same conduct. We reject the state's argument. Our interpretation that A.R.S. section 13–3102 applies only to those confined in a correctional or detention facility does not render A.R.S. section 13–2505(A)(3) redundant. The latter statute is broader than the former. Specifically, the prison contraband statute reaches a class of persons who are not covered at all as prohibited possessors: persons "confined in a correctional facility" who are *not* "serving a term of imprisonment." Because the classes of persons affected by the two statutes are different, there is no redundancy.

---

deadly weapon or dangerous instrument and *whose civil rights have not been restored"* (emphasis added).

## CONCLUSION

As a matter of law, defendant was not a prohibited possessor under A.R.S. sections 13–3101(2) and –3102(A)(4), though he was a parole violator. We, therefore, reverse the defendant's conviction and sentence.

GRANT, P.J., and MELVYN T. SHELLEY, J.*, concur.

---

* Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20 and A.R.S. § 38–813 (1985).