NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LORENZO BOLOGNA VINDIOLA, *Petitioner.*

No. 1 CA-CR 13-0418 PRPC

FILED 1-15-2015

Petition for Review from the Superior Court in Maricopa County
No. CR1994-92384
The Honorable Brian K. Ishikawa, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lorenzo Bologna Vindiola, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

**¶1**　　　　Petitioner Lorenzo Bologna Vindiola petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**　　　　A jury convicted Vindiola of molestation of a child as a dangerous crime against children in 1995. The trial court sentenced him to a "flat time" term of twenty years' imprisonment and we affirmed his conviction and sentence on direct appeal. *State v. Vindiola*, 1 CA-CR 95-0818 (Ariz. App. Jul. 25, 1996) (mem. decision). Vindiola now seeks review of the summary dismissal of his second petition for post-conviction relief proceeding.[1] We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**　　　　Vindiola first argues that the decision in *State v. Tarango*, 185 Ariz. 208, 914 P.2d 1300 (1996) is a significant change in the law that renders his "flat time" term of imprisonment illegal and makes him eligible for early release. We deny relief on this issue. First, our supreme court decided *Tarango* in April 1996. *Id.* Vindiola could have raised this issue in the context of *Tarango* on direct appeal and/or in his first post-conviction relief

---

[1] Vindiola claims this is his first post-conviction relief proceeding. The trial court dismissed Vindiola's first post-conviction proceeding in 1997 after Vindiola filed his notice of post-conviction relief but never filed a petition as ordered by the court. Therefore, this is Vindiola's second post-conviction relief proceeding. Vindiola is also incorrect in his assertion that the trial court did not allow him to fully brief the issues he raised in this second proceeding. Vindiola filed his second petition for post-conviction relief contemporaneously with his second notice of post-conviction relief. That petition contained a memorandum of points and authorities. There were no limitations on Vindiola's ability to fully brief and support the issues and arguments he presented.

proceeding. Any claim a defendant could have raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. Our supreme court has made it clear that the rule of preclusion includes untimely claims regarding the legality of a sentence. *State v. Shrum*, 220 Ariz. 115, 117-20, ¶¶ 3-23, 203 P.3d 1175, 1177-80 (2009) (finding that a sentencing issue regarding the legality of a sentence was precluded as untimely even though no lawful authority allowed the sentence to be imposed).

**¶4** Further, *Tarango* provides Vindiola no relief. *Tarango* addressed a conflict in former Arizona Revised Statute ("A.R.S.") sections 13-604(D) and 13-3408(D) (Supp. 1995). 185 Ariz. at 209, 914 P.2d at 1301. Neither of these prior versions of sentencing statutes have any application to Vindiola's case. Here, the trial court correctly sentenced Vindiola pursuant to A.R.S. § 13-604.01(E) (1994). Section 13-604.01(E) provides that, with limited exceptions, a person who has been convicted of any dangerous crime against children involving sexual abuse and is either eighteen years of age or has been tried as an adult is not eligible for suspension of sentence, probation, pardon or release from confinement until that person has served the entire sentence.[2]

**¶5** Vindiola also asserts that the trial court erred when it imposed a term of community supervision to follow his prison sentence. Vindiola does not contest that the law required the court to impose a term of community supervision, even after a "flat time" sentence. *See* A.R.S. § 13-603(I) (1994); *State v. Jenkins*, 193 Ariz. 115, 119-20, ¶ 13, 970 P.2d 947, 951-52 (App. 1998). Vindiola argues that the court could not impose the term of community supervision as part of a *nunc pro tunc* order that corrected portions of the original sentencing minute entry approximately four months after the court originally imposed the sentence. We deny relief because Vindiola could have raised this issue in his direct appeal and/or in his first post-conviction relief proceeding. Vindiola further claims that the trial court erred when it admitted evidence of his prior convictions for impeachment purposes at trial. This issue is also precluded because Vindiola could have raised it on direct appeal.

**¶6** Finally, while Vindiola presents claims of ineffective assistance of counsel in his petition for review, they are not the same claims of ineffective assistance he raised below. We will not consider issues that were not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577,

---

[2] The exceptions have no application here.

821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988).

¶7        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama