NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SERAFIN REYES, JR., *Petitioner*.

No. 1 CA-CR 13-0923 PRPC

FILED 6-9-2015

Appeal from the Superior Court in Maricopa County
No. CR 1995-002169
The Honorable Roland J. Steinle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Serafin Reyes, Jr., Phoenix
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

---

**P O R T L E Y,** Judge:

¶1        Petitioner Serafin Reyes, Jr., petitions this court for review of the dismissal of a petition for writ of habeas corpus which the trial court treated as a petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Reyes pled guilty to sexual conduct with a minor and attempted molestation of a child, both dangerous crimes against children. He was sentenced on January 9, 1996, to a "flat time" sentence of twenty years in prison for sexual conduct with a minor, and given three days of presentence incarceration credit, followed by lifetime probation for attempted molestation.[1]  Reyes now seeks review of the summary dismissal of his petition for writ of habeas corpus which the trial court treated as the latest of Reyes's many successive petitions for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.9(c).

¶3        Relying on *State v. Tarango*, a case involving the sale of drugs, Reyes argues he is eligible for early release despite the imposition of a "flat time" sentence.  185 Ariz. 208, 914 P.2d 1300 (1996).  In *Tarango*, the defendant, who had two prior felonies, was sentenced to three concurrent presumptive sentences.  The trial court sentenced him pursuant to a statute that required him to serve the sentence as flat time, but also sentenced him as a repetitive offender pursuant to the provisions of a former version of Arizona Revised Statutes ("A.R.S.") section 13-604, which provided for the possibility of early release.  *Tarango*, 185 Ariz. at 209, 914 P.2d at 1301.  Our supreme court held that because the State sought to enhance Tarango's sentences pursuant to the repetitive offender provisions of A.R.S. § 13-604, those penalties overrode the flat time sentencing provisions of the other statute.  *Tarango*, 185 Ariz. at 209-10, 914 P.2d at 1301-02.

---

[1] Reyes will be released from prison on January 1, 2016.

2

**¶4** Reyes argues his case is the same as our supreme court addressed in *Tarango*. He argues he is entitled to early release because the trial court sentenced him pursuant to both the repetitive offender provisions of A.R.S. § 13-604 and a statute that provided for a flat time sentence. We disagree.

**¶5** *Tarango* has no application in this case. Although Reyes contends that the trial court sentenced him as a repetitive offender, the record does not support his claim that he was sentenced as a repeat offender pursuant to A.R.S. § 13-604 or any other statute that provides for enhanced sentences for repetitive offenders. The record shows that Reyes was sentenced pursuant to A.R.S. § 13-604.01 (1994), which provides for enhanced sentences for dangerous crimes against children, but not as a repetitive offender. Moreover, A.R.S. § 13-604.01(E) (1994) provided that Reyes must serve his twenty-year sentence as flat time without the possibility of early release and no other sentencing provision relied upon by the State or the court conflicts with that provision. Consequently, because Reyes was not sentenced under the sentencing scheme in *Tarango*, Reyes is not entitled to early release.

**¶6** Reyes also argues the trial court erred when it treated his petition for writ of habeas corpus as a petition for post-conviction relief. We disagree.

**¶7** This situation is governed by Rule 32.3. The Rule provides that if a defendant applies for a writ of habeas corpus in a court that has jurisdiction, and the defendant raises any claim attacking the validity of the conviction or sentence, that court "shall" transfer the matter to the court in which the defendant was convicted and/or sentenced. Ariz. R. Crim. P. 32.3. The sentencing court shall then treat the matter as a petition for post-conviction relief pursuant to Rule 32. *Id.* Because Reyes filed a habeas corpus petition challenging his sentence before completing his sentence, the trial court properly treated his petition as one for post-conviction relief.

**¶8** The record also reveals that Reyes had filed more than one petition for post-conviction relief. He filed the first notice, his "of right petition," pursuant to Rule 32.4 on January 29, 1996. He then filed subsequent notices of petitions for post-conviction relief on October 26, 2000, June 16, 2003, March 22, 2005, and others though 2009. He never raised the *Tarango* issue in his second or third petition even though our supreme court issued its opinion in April 1996, some three months after his

sentencing.[2]  As a result, the trial court appropriately reviewed the petition as one for post-conviction relief and summarily resolved it pursuant to Rule 32.6(c).  Consequently, we find no error.

¶9        Based on our review of the record, we grant review of the trial court's ruling summarily denying relief.  We, however, find no basis to grant relief and, accordingly, deny relief.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

---

[2] In his second petition for post-conviction relief filed in October 2001 after counsel found no claims for relief to raise, Reyes raised a sentencing issue about the minute entry's statement about aggravating and mitigating factors, but did not raise *Tarango.*