NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PETER ANDREW HERSHFELDT, *Plaintiff/Appellant/Appellee*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, et al.,
*Defendants/Appellees/Appellants*.

No. 1 CA-CV 18-0785
FILED 01-07-2020

Appeal from the Superior Court in Maricopa County
No. CV2015-010532
The Honorable Connie Contes, Judge

**REVERSED AND REMANDED**

COUNSEL

Peter Andrew Hershfeldt, Fairview, PA
*Plaintiff/Appellant/Appellee*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried
*Counsel for Defendants/Appellees/Appellants*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the Court, in which Acting Presiding Judge David D. Weinzweig and Judge David B. Gass joined.

---

**S W A N N**, Judge:

¶1        Peter Hershfeldt, a former inmate, brought an action for damages contending his term of imprisonment was miscalculated. Hershfeldt won at trial, and the State appeals the trial court's denial of its motion for judgment as a matter of law based on a statute of limitations defense. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

¶2        In 1995, Hershfeldt was convicted of kidnapping and sexual assault and sentenced to a term of imprisonment in an Arizona Department of Corrections ("DOC") prison. In 2001, Hershfeldt's DOC time computation showed that he had an early release date of August 2012 based on earned release credits ("ERC"). In December 2002, the DOC removed Hershfeldt's ERC release date, showing his sentence end date as July 2014. In 2003, Hershfeldt delivered an inmate letter to the DOC saying the DOC miscalculated his sentence under *State v. Tarango*, 185 Ariz. 208 (1996) and he was entitled to ERC. The DOC disagreed. Hershfeldt filed an inmate grievance arguing that he was entitled to ERC and that the DOC had applied ERC under *Tarango* to him in 2000-2001. The DOC replied saying his time computation was not a "grievable" issue. Hershfeldt appealed. After Hershfeldt's administrative appeal was denied, he appealed a second time, which was also denied.

¶3        Hershfeldt also petitioned for post-conviction relief in 2003 and 2008, arguing that his sentence was improperly extended in violation of *Tarango*. He argued that *Tarango* would have reduced his 15-year sentence by two years and three months, giving him a release date of April 2012. In June 2009, Hershfeldt, through counsel, agreed with the State that his *Tarango* claim was premature. Hershfeldt withdrew his *Tarango* claim "subject to reassertion at the proper time." He never reasserted his *Tarango* claim, however, and was not released from prison until June 11, 2014. Upon his release, the trial court ordered that Hershfeldt be taken to the Arizona

Community Protection and Treatment Center because probable cause existed that he was a sexually violent person under A.R.S. § 36–3701. Hershfeldt was released three and one-half months later.

**¶4**       Hershfeldt served a notice of claim on the DOC and the State on November 26, 2014, and then sued for false imprisonment on June 8, 2015. The DOC was dismissed as a party based on its non-jural status. The State moved for summary judgment arguing that Hershfeldt's claim was barred by the statute of limitations and that Hershfeldt failed to mitigate his damages. The trial court denied the State's motion and held a bench trial. At the close of evidence, the State moved for judgment as a matter of law, which the trial court denied. The trial court found that the DOC should have released Hershfeldt on May 5, 2012 rather than June 11, 2014. The trial court found in Hershfeldt's favor and awarded him $208,000 in damages, reduced to $120,654.52 after deducting incarceration costs and restitution owed from his criminal case.

**¶5**       The State appealed, and Hershfeldt cross-appealed.

## DISCUSSION

**¶6**       The State argues that the trial court erred in denying its motion for judgment as a matter of law because Hershfeldt's claim was barred by the statute of limitations. We review a trial court's decision on motions for judgment as a matter of law de novo. *Glazer v. State*, 237 Ariz. 160, 167 ¶ 29 (2015).

**¶7**       Arizona law required Hershfeldt to serve a notice of claim on the State within 180 days after his cause of action accrued, and to sue the State within one year after his claim accrued. *See* A.R.S. §§ 12–821.01, –821. A cause of action accrues when "the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." § 12–821.01(B). A plaintiff need not know all the facts underlying a cause of action but must at least possess knowledge sufficient to identify that a wrong occurred and caused injury. *Doe v. Roe*, 191 Ariz. 313, 323 ¶ 32 (1998).

**¶8**       Hershfeldt's cause of action for false imprisonment accrued on May 5, 2012. Hershfeldt knew in 2003 that he was entitled to be released in 2012 based on his understanding of ERC. In 2002, the DOC removed Hershfeldt's ERC, changing his release date from 2012 to 2014. Shortly thereafter, Hershfeldt sent an inmate letter to the DOC arguing he was entitled to ERC and the DOC incorrectly removed his ERC release date.

Hershfeldt raised the issue again in a 2008 petition for post-conviction relief.

¶9        In June 2009, Hershfeldt's counsel withdrew the *Tarango* claim raised in Hershfeldt's petition for post-conviction relief because the *Tarango* claim was not timely, saying the withdrawal was "subject to reassertion at the proper time." By May 2012, however, when post-conviction relief under *Tarango* would have been proper, Hershfeldt did not reassert his claim and continued to serve the remainder of his sentence. By May 2012, Hershfeldt knew he had been damaged and knew that the DOC caused the damage by alleging that the DOC erroneously removed his ERC. Thus, Hershfeldt's cause of action for false imprisonment accrued when he remained in prison after May 5, 2012.

¶10        Hershfeldt's claims failed on two independent grounds, including an untimely notice of claim and complaint. Hershfeldt's false imprisonment claim accrued no later than May 5, 2012, meaning that he needed to serve notice of his claim on the State by November 5, 2012, and then sue by May 5, 2013. Yet, Hershfeldt served his notice of claim on November 26, 2014, and sued on June 8, 2015, after the statute of limitations had run. As a result, the trial court erred when it denied the State's motion for judgment as a matter of law on the statute of limitations defense.[1]

¶11        The only evidence submitted in opposition to the State's summary judgment motion was an affidavit from Hershfeldt in which he said he relied on the legal knowledge of other inmates, used arguments from the motions of other inmates, did not know he had a valid *Tarango* claim, and "did not have knowledge, with any degree of confidence, that [his] release date was in 2012[.]" But Hershfeldt wrote his inmate letter, his grievance, and his petitions for post-conviction relief, all of which argued that he was entitled to ERC and should be eligible for release in 2012. Hershfeldt did not need to know "with confidence" that he was entitled to be released in 2012; he only needed to possess knowledge sufficient to identify that a wrong occurred and caused injury. *Doe*, 191 Ariz. at 323 ¶ 32. Hershfeldt believed he possessed such knowledge after the DOC removed his ERC, which led him to file a grievance and petition for post-conviction relief.

---

[1]        We need not address Hershfeldt's cross-appeal that A.R.S. § 31–238(D) and A.R.S. § 12–1721 are unconstitutional because this decision renders his argument moot.

¶12        Hershfeldt argues that the trial court correctly found that his notice of claim and complaint were timely because two separate judges who presided over the case found them timely, and timeliness is within the sound discretion of the trial court. But we review de novo when a cause of action accrues for statute of limitations purposes, and that date is not discretionary. *Larue v. Brown*, 235 Ariz. 440, 443 ¶ 14 (App. 2014). The legislature has prescribed rigid procedures and deadlines for actions against the State. As a matter of law, Hershfeldt waited too long to serve his notice of claim and file his cause of action.

## CONCLUSION

¶13        For the foregoing reasons, we reverse and remand for entry of judgment in favor of the State.