939 P.2d 425

**BABE INVESTMENTS, an Arizona general partnership; Aero Automatic Sprinkler Company, Inc., an Arizona corporation, Plaintiffs–Appellees,**

v.

**ARIZONA CORPORATION COMMISSION; Atchison, Topeka and Santa Fe Railway Company, a Delaware corporation, Defendants–Appellants.**

**BABE INVESTMENTS, an Arizona general partnership; Aero Automatic Sprinkler Company Inc., an Arizona corporation, Plaintiffs–Appellees,**

v.

**ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY, a Delaware corporation, Defendant–Appellant.**

Nos. 1 CA–CV 95–0499, 1 CA–CV 96–0466.

Court of Appeals of Arizona, Division 1, Department E.

May 1, 1997.

Reconsideration Denied June 18, 1997.

Folk & Associates, P.C. by P. Douglas Folk, Denise H. Troy, Phoenix, for Plaintiffs–Appellees.

Arizona Corporation Commission—Legal Division by Peter Breen, Phoenix, for Defendant–Appellant Arizona Corporation Commission.

Fennemore Craig, P.C. by C. Webb Crockett, Timothy Berg, Theresa Dwyer, Phoenix, for Defendant–Appellant The Atchison, Topeka & Santa Fe Railway Company.

OPINION

TOCI, Judge.

The Arizona Corporation Commission ("Commission") dismissed a complaint filed by Babe Investments ("Babe") and Aero Automatic Sprinkler Company, Inc. ("Aero") against the Atchison, Topeka & Santa Fe Railway Company ("Santa Fe"). The complaint alleged that Santa Fe violated Ariz. Rev.Stat. Ann. ("A.R.S.") section 40–285 by removing a switch and section of railroad track ("siding") without first obtaining Commission approval.[1] The Commission found no violation of the statute and further found that A.R.S. section 40–326 did not require Santa Fe to reinstall the siding. Babe and Aero commenced an action in the superior court for administrative review of the Commission's decision. The superior court vacated the Commission's order dismissing the complaint. Santa Fe and the Commission now appeal from the superior court's ruling, and the Commission also asks us to vacate the court's award of attorneys' fees entered against it pursuant to A.R.S. section 12–348.

On appeal, Santa Fe and the Commission argue that the superior court erred when it remanded this action for a hearing before the Commission.[2] We agree, vacate the order of the superior court, and reinstate the Commission's order.

## I.  FACTS AND PROCEDURAL HISTORY

In 1969, Santa Fe agreed to construct, operate, and maintain siding ("1969 agreement") to serve certain real property owned by Ray Meyer in Maricopa County. In October 1987, and after Meyer's death, the real property was conveyed without an assignment of the 1969 agreement. In September 1989, Santa Fe mailed a letter to Meyer at the address set forth in the agreement, terminating the 1969 agreement and advising that it intended to remove the siding to eliminate any obligation to further maintain it. The post office returned the letter to Santa Fe as undeliverable.

In December 1989, Babe acquired the real property, and shortly thereafter Aero began doing business on it. In March 1990, Santa Fe canceled the 1969 agreement and removed the siding, which had not been used since 1987. In September 1991, Aero asked Santa Fe to reestablish rail service to the property, but Santa Fe refused to do so unless Babe or Aero paid an estimated $25,000 to cover the cost of reinstallation. Babe and Aero refused.

Babe and Aero then sought an administrative hearing to determine whether the Commission should compel Santa Fe to reinstall the siding. At the hearing, Babe and Aero did not claim relief under either the 1969 agreement or A.R.S. section 40–326.[3] Instead, they argued only that Santa Fe violat-

---

1. Both sides argued to the Commission that the removal of the switch and track constituted disposal of its railroad under A.R.S. § 40–285(A).

2. We consolidated the instant appeal with a later appeal in which Santa Fe argued it was entitled to relief from judgment based on the ICC Termination Act of 1995, Pub.L. No. 104–88, 109 Stat. 803 (1995). Santa Fe contended that an exception in the Act precludes courts from remanding matters to state administrative bodies and thus that the judgment remanding this action to the Commission should be set aside. Because we find that the superior court erred in remanding this case, we dismiss the consolidated appeal as moot. *See Exodyne Properties, Inc. v. City of*

*Phoenix*, 165 Ariz. 373, 376, 798 P.2d 1382, 1385 (App.1990) (court of appeals generally does not decide moot questions).

3. A.R.S. section 40–326(A)(1996) provides that any shipper or receiver can apply to have a railroad connection installed for private use when "the connection is reasonably practicable and can be installed and used without materially increasing the hazard of the operation of the railroad with which the connection is sought, and that the business which may reasonably be expected to be received by the railroad corporation over the connection is sufficient to justify the expense of the connection to the railroad corporation."

ed A.R.S. section 40–285(A) when it removed the siding without first obtaining the Commission's permission. When given the opportunity to present evidence of their use or nonuse of the siding, the attorney representing Babe and Aero declined, claiming that such evidence was not relevant.

The hearing officer denied relief to Babe and Aero. He adopted the parties' stipulated facts, including the fact that the siding had not been used since 1987. He also noted that the parties refused to present testimony on the use of the siding and declined an offered continuance. The Commission ultimately dismissed Babe and Aero's application, concluding that Santa Fe did not violate A.R.S. section 40–285 when it removed the siding and that Babe and Aero were not entitled to relief under A.R.S. section 40–326.

Babe and Aero appealed the Commission's order to the superior court, requesting that it order Santa Fe to reinstall the siding or remand the complaint to the Commission for further proceedings. They again argued that A.R.S. section 40–285 required Santa Fe to obtain the Commission's prior approval before removing the siding. Judge Gottsfield granted summary judgment to Babe and Aero. He also vacated the Commission's order and remanded the case to the Commission for an "abandonment hearing" in which Santa Fe would have to prove that the siding was not "necessary or useful in the performance of its duties to the public."

## II. DISCUSSION

Babe and Aero assert that pursuant to A.R.S. section 40–285, "a public utility [must] request approval from the Commission prior to disposing of *any* part of its plant or facility." (Emphasis added.) They contend that because the express terms of the statute void any disposition made without authorization of the Commission, the superior court did not err in vacating the Commission's order.

■ Under A.R.S. section 40–254(E), the burden of proof in the superior court was on Babe and Aero to show clearly and convincingly that the Commission's order was unlawful. In an appeal from the superior court, we review that decision, not that of the

Commission. *Tonto Creek Estates v. Corporation Comm'n,* 177 Ariz. 49, 55, 864 P.2d 1081, 1087 (App.1993). But, both the superior court and this court may depart from the Commission's legal conclusions or interpretation of a statute and determine independently whether the Commission erred in its interpretation of the law. *See Sanders v. Novick,* 151 Ariz. 606, 608, 729 P.2d 960, 962 (App. 1986). In a case with undisputed facts, we review the record to ascertain whether the superior court correctly applied the law to the facts. *Havasu Heights Ranch v. State Land Dep't,* 158 Ariz. 552, 555, 764 P.2d 37, 40 (App.1988).

Here, the court found that neither case law nor statute "abrogate[d] the obligation of Santa Fe to proceed with an application for abandonment under Section 40–285." It remanded the case to the Commission "to hold the abandonment hearing required by § 285," and placed the burden of proof on Santa Fe. The court's order was apparently based either on a conclusion that the Commission did not apply A.R.S. section 40–285 or that the hearing it conducted did not meet that statute's requirements. These are issues of law that we independently review. *Sanders,* 151 Ariz. at 608, 729 P.2d at 962.

■ We begin by examining the relevant statutes. A.R.S. section 40–285 provides in part:

(A) A public service corporation shall not sell, lease, assign, mortgage or otherwise dispose of or encumber the whole or any part of its railroad, line, plant, or system necessary or useful in the performance of its duties to the public ... without first having secured from the commission an order authorizing it so to do. Every such disposition, encumbrance or merger made other than in accordance with the order of the commission authorizing it is void.

. . . .

(C) Nothing in this section shall prevent the sale, lease or other disposition by any such corporation of property which is not necessary or useful in the performance of its duties to the public, and any sale of its property by such corporation shall be conclusively presumed to have been of proper-

ty which is not useful or necessary in the performance of its duties to the public as to any purchaser of the property in good faith for value.

■ The above language clearly indicates that the legislature did not intend to require Commission approval every time a public service corporation disposes of property.[4] These sections only require a public service corporation to obtain permission when it disposes of property that is "necessary or useful in the performance of [its] duties to the public." Subsection C specifically authorizes dispositions if the property is "not necessary or useful in the [corporation's] performance of its duties to the public." To impose a requirement of Commission approval in every case of property disposal would read out of the statute the modifying phrase in subsection C. This we cannot do. In interpreting statutes, we attempt to avoid rendering any of the statutory language superfluous, void, contradictory, or insignificant. *See State v. Tarango*, 185 Ariz. 208, 212, 914 P.2d 1300, 1304 (1996); *State v. Johnson*, 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App.1992).

The legislature enacted A.R.S. section 40–285 to prevent "looting" of a utility's facilities and impairment of service to the public. *American Cable Television v. Arizona Pub. Serv.*, 143 Ariz. 273, 277, 693 P.2d 928, 932 (App.1983). The qualifying "necessary or useful" language is to protect public service corporations from the expense of administrative proceedings when disposing of useless or unnecessary property. Subsection C allows them to initially determine whether a given piece of property is necessary or useful.

■ Here, Santa Fe determined that the siding was not necessary or useful to its operations, and the statute therefore did not require it to secure permission before removing it. *See* A.R.S. § 40–285(A). But, because Babe and Aero were interested parties who alleged that the disposition was of property that was necessary or useful, the Commission retained the power to review Santa Fe's decision. *See* A.R.S. § 40–285(A).

■ When the superior court remanded this case, it presumably concluded that A.R.S. section 40–285 required Santa Fe to proceed with an application for abandonment and to bear the burden of proof before the Commission. We do not agree, however, with the court's assumption that only Santa Fe had an obligation to seek a hearing on this issue. To the contrary, we conclude that this statute permits the "necessary or useful" issue to be resolved in proceedings brought by an interested party.

The Commission hearing resulted from an application for relief filed by Babe and Aero. Although Santa Fe did not request the hearing, we discern no meritorious reason why the property's necessity or usefulness could not be fully and fairly litigated in that hearing. The record reveals, however, that Babe and Aero expressly declined the opportunity to present evidence at the hearing that the siding was necessary or useful in the performance of the railroad's duties to the public.

Thus, we do not agree with the trial court's conclusion that the Commission failed to apply A.R.S. section 40–285 or that the necessary or useful issue was not presented at the hearing. The Commission's order indicates that it applied A.R.S. section 40–285. From the language in the order that the removal of the siding did "not constitute a violation of A.R.S. § 40–285," we infer that the Commission found the siding was not necessary or useful. Had it found the siding to be necessary or useful, the Commission would have found that Santa Fe violated the statute when it disposed of the property without Commission approval.

■ The superior court also vacated the Commission's order because it believed that to the extent that the Commission addressed the necessary or useful issue, the Commission had wrongfully placed the burden of proof on Babe and Aero rather than Santa Fe. We agree that Santa Fe had the burden of proving to the Commission that the property was not necessary or useful. A differ-

---

**4.** The Arizona statute is unlike statutes in other jurisdictions that require agency approval of *any* disposition of property made by a public service corporation. *See New York Cent. R.R. Co. v.*

*Pennsylvania Pub. Util. Comm'n,* 188 Pa.Super. 647, 149 A.2d 562 (1959); *Re Pub. Serv. Co. of New Mexico,* 119 P.U.R. 4th 48, 1990 WL 488958 (N.M.P.S.C.1990).

**152**

ent rule might tempt public service corporations to act without Commission approval, knowing that an interested party would have difficulty in proving an unjustified disposition. We disagree, however, with the suggestion that the Commission placed the burden of proof on Babe and Aero.

 Although a public service corporation has the initial burden of proving that property is not necessary or useful, the burden of going forward with the evidence may shift.[5] *See Palicka v. Ruth Fisher Sch. Dist. No. 90 of Maricopa County,* 13 Ariz.App. 5, 9, 473 P.2d 807, 811 (1970). Here, the Commission hearing officer did not improperly impose on Babe and Aero the burden of proving that the siding was not necessary or useful. Instead, the parties' stipulated facts showed prima facie that the siding was not necessary or useful. The parties agreed that the siding had not been used for more than two years before Santa Fe removed it and that Aero did not notify Santa Fe for another year and a half that it wished rail service to resume.

From this evidence, the Commission hearing officer could have inferred that the siding was not "necessary or useful in the performance of ... duties to the public." To counter that inference, Babe and Aero had the burden of going forward with evidence that the siding was necessary or useful. Although the hearing officer offered them this opportunity, they asserted that such evidence was irrelevant. They apparently expected to prevail because, in their view, A.R.S. section 40–285 rendered void all property dispositions made without prior Commission approval. Having failed to meet their burden of going forward with the evidence, they cannot complain about the Commission's order.

Santa Fe offers several additional grounds in support of its argument that the superior court erred in vacating the Commission's decision. For example, it argues that A.R.S. section 40–285 is not applicable because the siding was installed pursuant to a private contract; that the statute only applies to

property used to provide services "to the public;" and, that the words "otherwise disposed of" and "other disposition ... of" as used in the statute refer only to a "transfer" but not a disposition of property. We disregard these arguments because we conclude that Santa Fe did not violate A.R.S. section 40–285.

### III. CONCLUSION

For the foregoing reasons, the trial court erred in vacating the Commission's order and remanding this case for further proceedings. Therefore, we reverse the judgment of the trial court and reinstate the Commission's order dismissing Babe and Aero's complaint. We also dismiss the consolidated appeal, 1 CA–CV 96–0466.

KLEINSCHMIDT, P.J., and VOSS, J., concur.

---

5. The conclusive presumption in A.R.S. § 40–285(C) applies only to a sale of property to a purchaser in good faith for value.